Elbert Dwayne **BLAKE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–02–00530–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 11, 2003.

Winston E. Cochran Jr., Houston, TX, for Appellant.

M. Elizabeth Gunn, Assistant District Attorney, Michael J. Guarino, Criminal District Attorney–Galveston County, B. Warren Goodson, Jr., Assistant District Attorney, Galveston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

Elbert Dwayne Blake, appellant, was charged with felony possession of methamphetamine with intent to deliver. After the trial court denied appellant's motion to suppress evidence and his request for disclosure of the State's informant, appellant pleaded guilty to the lesser felony of possession of methamphetamine. Pursuant to a plea bargain agreement, and after appellant pleaded true to a punishment enhancement offense of possession of a controlled substance, the trial court assessed punishment at five years' confinement. In two points of error, appellant contends that the trial court erred in (1) denying his motion to suppress evidence seized pursuant to a search warrant and (2) refusing to order disclosure of an informant.[1] We affirm.

## Background

The following facts are derived from Officer Santiago Turrubiate's search warrant affidavit and the trial court's hearing on appellant's motion to suppress and motion to disclose the informant's identity.

Although appellant lived permanently with his parents in Lufkin, he would come to Dickinson three to four times a month. When in Dickinson, he would stay at the 1024 Pin Oak home of Keith Calhoun. The Calhoun home was separated into two distinct areas—one apartment upstairs and one downstairs. Although the apartments were internally connected, furniture blocked access to the internal stairwell. Appellant stayed at the downstairs apartment and kept some personal belongings there, such as a computer and television.

Officer Turrubiate is a member of the Dickinson Police Department and of the Narcotics Task Force. Based on his August 8, 2001 affidavit, a search warrant was issued for the 1024 Pin Oak residence the same day. After describing the suspected place and premises of 1024 Pin Oak, Turrubiate noted in his affidavit that "there is at said suspected place and premises, property and items which possession of is prohibited by law, namely methamphetamine." The affidavit named Ricky Blake, "Albert" (last name unknown) and "any other persons who's [sic] identities are unknown to the Affiant at this time, but may be present at said residence."

In over two single-spaced typed pages, Turrubiate then stated the probable cause facts. In May 2001, Turrubiate received narcotics information from Agent Delaney of the Galveston County Narcotics Task Force that persons unknown living at 1024 Pin Oak were manufacturing and delivering methamphetamine. Agent Delaney received this information from former Deputy Constable Doug Knight, who observed a white male in the process of manufacturing what he knew to be methamphetamine. On July 24, 2001, Corporal Fairchild, a Texas City Police Officer formerly assigned to the Narcotics Task Force, received information from a confidential informant that persons living in the Pin Oak home were in possession of methamphetamine, cocaine, and crack cocaine. Fairchild stated that this confidential informant was reliable and credible because of the informant's past history; Fairchild had executed several search warrants using this informant. On July 25, 2001, Turrubiate met with this confidential informant, who stated that he/she had been inside

1. In accordance with Rule 25.2, appellant's notice of appeal specifies that the substance of the appeal was raised by written motion and ruled on by the trial court before trial.

Tex.R.App. P. 25.2(b)(3)(B). Therefore, we have jurisdiction to consider the issues presented.

both Pin Oak apartments, that he/she met with Calhoun, and that he/she knew that Calhoun, Ricky Blake, and Albert were manufacturing and delivering methamphetamine. The confidential informant told Turrubiate that he/she saw glassware, beakers, tubes, and microwaves in the apartment believed to be used in the manufacture of methamphetamine, and smelled a strong odor of chemicals believed to be associated with the manufacturing of methamphetamine. The informant also informed Turrubiate that he/she knew that the person in the downstairs apartment was assisting the person in the upstairs apartment in the sale of narcotics, including methamphetamine. On August 8, 2001, the informant told Turrubitate that he/she saw a small amount of methamphetamine inside the downstairs apartment. The informant had been in the home in the past 24 to 48 hours and noticed that it was being monitored by video surveillance.

With this information, Officer Turrubiate believed that Ricky Blake or other persons unknown possessed methamphetamine. Based on this information, on August 8, 2001, Turrubitate obtained a search and arrest warrant for Ricky Blake and other persons unknown to him who might be present at the Pin Oak location.

On August 8, 2001, agents with the Galveston County Narcotics Task Force executed two search warrants on 1024 Pin Oak—one for the upstairs apartment and one for the downstairs apartment. There were two separate teams executing the warrants. Turrubiate entered the upstairs apartment and Fairchild secured entry of the downstairs apartment. The confidential informant was not present at the residence when the search warrant was executed. Appellant was found in the downstairs apartment sitting at his computer. No other persons were located in the downstairs apartment. During the

search, Officers located a working methamphetamine laboratory, two plastic bags with a white powder believed to be methamphetamine, and glassware and other paraphernalia believed to be used in the manufacture of methamphetamine.

## Discussion

### *Motion to Suppress*

In his first point of error, appellant argues that the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. In particular, appellant contends that the search warrant affidavit was inadequate as it "did not establish probable cause to believe contraband or evidence of a crime could be found at that location at the time the warrant was to be executed."

 In reviewing the trial court's ruling on the motion to suppress, we apply a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim.App.2000). We give almost total deference to the trial court's determination of historical facts that depend on credibility, while we conduct a de novo review of the trial court's application of the law to those facts. *Id.* We review de novo the trial court's application of the law of search and seizure and probable cause. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Wilson v. State*, 98 S.W.3d 265, 271 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). Appellate review of an affidavit in support of a search warrant, however, is not de novo. Rather, great deference is given to the magistrate's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236–37, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); *Uresti v. State*, 98 S.W.3d 321, 335 (Tex.App.-Houston [1st Dist.] 2003, no pet.). The test for determination of probable cause is whether the magistrate had a substantial basis for concluding that a search would uncover evidence of wrong-

doing. *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331.

■■■ Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Cassias v. State,* 719 S.W.2d 585, 587 (Tex.Crim.App.1986). To justify the issuance of a search warrant, the affidavit submitted in support must set forth facts sufficient to establish probable cause that (1) a specific offense has been committed, (2) that specifically described property or items to be searched for and seized constitute evidence of the offense, and (3) the property or items constituting such evidence are located at the particular place to be searched. TEX.CODE CRIM. PROC. ANN. art. 18.01(c) (Vernon Supp. 2004). Whether the facts mentioned in the affidavit are adequate to establish probable cause depends on the totality of the circumstances. *Ramos v. State,* 934 S.W.2d 358, 362–63 (Tex.Crim.App.1996). Statements made during a motion to suppress hearing do not factor into the probable cause determination; rather, we examine only the four corners of the affidavit to determine whether probable cause exists. *Massey v. State,* 933 S.W.2d 141, 148 (Tex. Crim.App.1996); *Wilson,* 98 S.W.3d at 270–71. Reasonable inferences may be drawn from the affidavit, and the affidavit must be interpreted in a common sense and realistic manner. *Wilson,* 98 S.W.3d at 271.

■■■ The task of a magistrate in issuing a search warrant is to make a practical, common-sense decision whether, given all the circumstances set forth in the warrant's supporting affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. The duty of a reviewing court is simply to determine whether, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed to support the issuance of the warrant when viewing the affidavit. *Id.*

Appellant contends that several parts of the affidavit, when considered as a whole, do not "state an adequate basis for the issuance of the search warrant for the downstairs apartment." In particular, appellant complains of (1) an omission of facts in the affidavit, (2) staleness of the information contained in the affidavit; (3) the lack of credibility and reliability of the informer; and (4) the lack of a corroborating investigation.

*Omission of Facts*

■■■ First, appellant argues that the affidavit omitted the fact that Doug Knight, a former deputy constable, was a narcotics user who obtained drugs from Keith Calhoun.[2] Appellant argues that these are material omissions of fact that should be treated as misrepresentations of material information under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In *Franks,* the Supreme Court recognized that if an affirmative misrepresentation is knowingly included in a probable cause affidavit in support of a search warrant, and the misrepresentation is material and necessary to estab-

---

**2.** The affidavit noted that Agent Delaney received information from Doug Knight that persons living at 1024 Pin Oak were manufacturing and delivering methamphetamine. "Mr. Knight advised Agent Delaney that he went to the suspected residence to retrieve borrowed tools and observed a white male in the process of manufacturing what he knew to be methamphetamine."

lishing the probable cause, the warrant is rendered invalid under the Fourth Amendment. *Franks,* 438 U.S. at 155–56, 98 S.Ct. at 2676. The Texas Court of Criminal Appeals has not yet recognized that a *Franks* analysis pertains to omissions as well as false statements. *See Massey,* 933 S.W.2d at 146; *Brooks v. State,* 642 S.W.2d 791, 796–97 (Tex.Crim.App. [Panel Op.] 1982). However, the Fifth Circuit, along with other Texas Courts of Appeals, has concluded that allegations of material omissions are to be treated essentially the same as claims of material misstatements. *See United States v. Martin,* 615 F.2d 318, 328 (5th Cir.1980); *Melton v. State,* 750 S.W.2d 281, 284 (Tex.App.-Houston [14th Dist.] 1988, no pet.); *Heitman v. State,* 789 S.W.2d 607, 610–11 (Tex.App.-Dallas 1990, pet. ref'd). We agree.

Here, the record contains no evidence that Turrubiate, the affiant, intentionally or knowingly, with reckless disregard for the truth, made any misstatements or omissions in the affidavit that would affect the finding of probable cause in support of the issuance of the search warrant. Furthermore, appellant has not shown that the affidavit, if supplemented with the omitted information, would be insufficient to support a finding of probable cause. *Hackleman v. State,* 919 S.W.2d 440, 449 (Tex. App.-Austin 1996, pet. ref'd). We conclude that the affidavit was not rendered invalid by the omission of material facts.

*Staleness*

█ Appellant also contends that some of the information provided in the affidavit was stale or that the reported criminal activity did not take place within a time period close enough to the time the search warrant was executed to ensure that evidence of the crime would likely be found. Appellant first argues that the July 25, 2001 information provided in the affidavit was stale when the August 8 affidavit was given. The affidavit contains the following relevant information about July 25, 2001:

> On July 25, 2001, your Affiant met with Corporal Fairchild who advised that he had received information from a confidential informant that a house located in the City of Dickinson, lived a person in possession of methamphetamine, cocaine, and crack cocaine.
>
> . . .
>
> Cpl. Fairchild stated to your Affiant that the confidential informant was reliable due to the informant's past history. Cpl. Fairchild stated that he has executed several search warrants utilizing this informant.
>
> On July 25, 2001, Affiant met with Cpl. Fairchild and the confidential informant. The informant advised your Affiant that he/she had been inside two apartments located at a house in the city of Dickinson. . . .

Appellant claims that the affidavit is not clear whether the observations were made on July 25, 2001 or whether the observations were made at an earlier time and reported on July 25, 2001. Appellant also challenges the August 3, 2001 and August 8, 2001 information contained in the affidavit. The affidavit provided that:

> On August 3, 2001, your Affiant was advised by a confidential informant that he/she witnessed processed methamphetamine being stored at the second floor apartment, which is in the control of Keith Calhoun.
>
> On August 8, 2001, the same confidential informant advised your Affiant that he/she had been inside the above-mentioned apartments located at 1024 Pin Oak. The informant advised your Affiant that he/she witnessed a small amount of methamphetamine inside the second floor apartment and the first floor apartment. The informant further advised your Affiant the he/she believes that all

persons mentioned in this affidavit is [sic] preparing to process more methamphetamine.

Appellant claims that the affidavit only indicated that an observation of methamphetamine was reported to the affiant on August 3, 2001 and August 8, 2001 and that it did not state that the observations were actually made on those dates.

■■■■ To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when the magistrate issues the search warrant. *Guerra v. State*, 860 S.W.2d 609, 611 (Tex.App.-Corpus Christi 1993, pet. ref'd); *see also Rowell v. State*, 14 S.W.3d 806, 809 (Tex.App.-Houston [1st Dist.] 2000), *aff'd*, 66 S.W.3d 279 (Tex.Crim.App.2001); *Hafford v. State*, 989 S.W.2d 439, 440 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). Probable cause ceases to exist when, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Guerra*, 860 S.W.2d at 611. The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Id.* When the affidavit recites facts indicating activity of a protracted and continuous nature, *i.e.*, a course of conduct, the passage of time becomes less significant. *Lockett v. State*, 879 S.W.2d 184, 189 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd).

The search warrant was issued August 8, 2001, the same day that Turrubiate signed the affidavit. That same day, the confidential informant advised Turrubiate that he/she had been inside the downstairs apartment and witnessed a small amount

of methamphetamine. The informant advised the affiant that he/she believed that all persons mentioned in the affidavit were preparing to process more methamphetamine. The next paragraph of the affidavit continues with the informant's advice to the affiant: *"the informant advised your affiant that he/she had been in the suspected place in the past twenty-four to forty-eight hours. ..."* Reading this paragraph in a common-sense manner, it is reasonable to conclude that the informant had been in the suspected place 24–48 hours prior to August 8, 2001. Thus, these observations about seeing methamphetamine occurred no more than one to two days prior to the issuing and execution of the search warrant. With this short lapse of time, it was reasonable for the magistrate to suspect that the contraband was still present in the apartment when the search warrant was issued.

Furthermore, on August 2, 2001, Corporal Fairchild advised Agent Delaney, who advised the affiant, that the informant witnessed methamphetamine being manufactured "on this date." This was only six days before the search warrant was issued. Considering that a methamphetamine manufacturing operation is likely to be more stationary than other forms of drug related criminal activity, it was reasonable to believe that the contraband was still where the informant said he/she had viewed it six days earlier. We conclude that there are sufficient facts set out in the affidavit that were not stale when the magistrate issued the search warrant to justify the magistrate's conclusion that methamphetamine would be found at appellant's residence.

*Reliability, Credibility, and Corroboration*

Appellant also challenges the reliability and credibility of the informant, and the lack of a corroborating police investigation. He argues that (1) Fairchild's assertions in

the affidavit about the informant are conclusory; (2) there was a lack of "substantial basis" for Turrubiate's own reliance on the informant; and (3) it was not stated in the affidavit "that the informant mentioned at the end was the same informant who was mentioned at the beginning." Appellant further claims that "the affidavit also omits evidence of a sufficient corroborating investigation by Turrubiate, Fairchild, or anyone else." While appellant admits that Turrubiate conducted surveillance on the suspected place, as stated in the affidavit, appellant notes that Turrubiate did not indicate seeing a significant amount of foot traffic suggesting narcotics activity. Rather, the only information included in the affidavit about the surveillance was that Turrubiate spoke with a neighbor of the suspected place who stated that he/she had witnessed numerous persons entering the suspected place and leaving shortly thereafter.

■■■ An affidavit need not reflect the direct personal observations of the affiant so long as the magistrate is informed of some of the underlying circumstances supporting the affiant's belief that any informant involved, whose identity need not be disclosed, was credible or his information reliable. *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745–46, 13 L.Ed.2d 684 (1965). Although an informant's veracity, reliability, and basis of knowledge are highly relevant in reviewing the sufficiency of an affidavit, these elements are not each independent requirements, but closely intertwined issues that illuminate the overall question of whether there is probable cause. *Gates*, 462 U.S. at 230, 103 S.Ct. at 2317.

■■■ When an unnamed informant is relied upon in an affidavit for a search warrant, his credibility may be established by allegations that the informant has proven reliable on previous occasions. *Avery*

*v. State*, 545 S.W.2d 803, 804 (Tex.Crim. App.1977). This reliability may be established by the general assertions of the affiant, as stated in the affidavit, concerning the informant's prior reliability. *Capistran v. State*, 759 S.W.2d 121, 128 (Tex. Crim.App.1982). The magistrate may also rely on the experience and pertinent expertise of an affiant in evaluating the informant's report. *Hackleman*, 919 S.W.2d at 447.

■■■ An affidavit in support of a warrant to search for narcotics need not provide more specific details regarding the informant's reliability than to state the informant had given information in the past regarding narcotics trafficking which had proved correct. *Torres v. State*, 552 S.W.2d 821, 824 (Tex.Crim.App.1977). Further, because such a statement, when interpreted in a realistic and common-sense manner, indicates the informant's familiarity with controlled substances, no further details are required to spell out the informant's qualifications in recognizing drugs. *Id.*

■■■ In the present case, the affidavit reveals the following about the credibility and reliability of the informant: (1) the informant had provided information to Corporal Fairchild before, which Fairchild used in executing several search warrants; and (2) the informant provided information to another narcotics agent in the past, which "resulted in the arrest of numerous defendants and the seizure of crack cocaine, marijuana, and currency." This information sufficiently establishes the informant's credibility and reliability.

Appellant claims that Turrubiate merely accepted Fairchild's assertion that the informant was reliable and credible. Appellant argues that this is insufficient because there was a lack of substantial basis for Turrubiate's own reliance on the infor-

mant. Appellant claims that Turrubiate did not indicate in his affidavit that he had any connection to the cases in which the informant had provided reliable information to Fairchild. However, the affidavit indicates that the informant had prior dealings with Corporal Fairchild and the Galveston County Narcotics Task Force, the Dickinson Police division to which Turrubiate was assigned. The affidavit was sufficient to provide the magistrate with facts on which to base a determination of the informant's credibility. We conclude that the information from the informant provided a reasonable basis for the magistrate to conclude that probable cause existed for the issuance of the search warrant.

Finally, although appellant asserts that the affidavit was unclear regarding how many confidential informants provided information, the issuing magistrate, by interpreting the affidavit in a common-sense and realistic manner, could have reasonably inferred from the facts in the affidavit that only one informant was involved. The affidavit even notes that "on August 8, 2001, the *same* confidential informant . . ." provided Turrubiate with information. Having determined that there was only one informant, and that the informant was credible and reliable, the magistrate reasonably concluded that the affidavit was sufficient to establish probable cause to issue a search warrant. *See Avery,* 545 S.W.2d at 804; *Hackleman,* 919 S.W.2d at 447.

 Information provided by an informant must contain some indicia of reliability or be reasonably corroborated by

police before it can be used to justify a search.[3] *Gates,* 462 U.S. at 242, 103 S.Ct. at 2334. In the present case, the informant provided specific reasons why he/she believed that appellant and the other residents of the Pin Oak home were manufacturing methamphetamine, including the admission by Calhoun, the viewing of methamphetamine manufacturing paraphernalia, the witnessing of methamphetamine manufacturing, and the fact that the informant had been inside the residence in the past two days. As discussed above, the affidavit also revealed that the confidential informant was credible and reliable. The informant had given information to other narcotics agents in the past which had resulted in the arrest of numerous defendants and the seizure of narcotics. These previous dealings with the informer gave Fairchild, Turrubiate, and the magistrate, a basis for crediting the informant's information. Thus, corroboration was not necessary.[4] *See id.*

Reviewing the affidavit in the light of the totality of the circumstances, we conclude that information contained in the affidavit provided the magistrate with a substantial basis for concluding that there was a fair probability that a search of the premises would reveal the presence of contraband.

We overrule appellant's first point of error.

### Disclosure of an Informant

 In his second point of error, appellant contends the trial court erred in denying his motion to disclose the identity

---

3. Independent corroboration by the affiant or by other informants *may* help establish the credibility of the informant and the reliability of the information. *See Ellis v. State,* 722 S.W.2d 192, 196 (Tex.App.-Dallas 1986, no pet.).

4. The affidavit did, however, contain other corroborating information. The information provided by Doug Knight, Keith Calhoun, and the neighbor, when examined from a totality of the circumstances perspective, corresponds to the information provided by the confidential informant.

of the confidential informant. Appellant sought the disclosure of the informer's identity, claiming that "the affidavit in this cause relied heavily on the informant" and that without disclosure "the appellant was left with no way to either challenge the informant's credibility through extrinsic evidence or to call the informant as a witness in order to clarify important information...." Appellant contends he had the right to learn the identity of the confidential informant pursuant to Rule 508(c)(3) of the Texas Rules of Evidence.

We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *Taylor v. State,* 604 S.W.2d 175, 179 (Tex.Crim.App.1980). Under this standard, we affirm the judgment unless the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990).

As a general rule, when a defendant files a motion to disclose the identity of a confidential informant, the State has a privilege to withhold the identity of any person who has provided information relating to, or assisting in, an investigation of a possible violation of the law. TEX.R. EVID. 508(a). There are exceptions to this privilege. First, a court should order the State to disclose the identity of a confidential informant if the informer may reasonably be able to give testimony necessary to a fair determination of the issues of guilt and innocence. TEX.R. EVID. 508(c)(2). Also, disclosure should be ordered "if information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible." TEX.R. EVID. 508(c)(3). A defendant who makes a

request under Rule 508 has the threshold burden of demonstrating that the informant's identity must be disclosed. *Rugendorf v. United States,* 376 U.S. 528, 534–35, 84 S.Ct. 825, 829–30, 11 L.Ed.2d 887 (1964); *Bodin v. State,* 807 S.W.2d 313, 318 (Tex.Crim.App.1991).

Rule 508(c)(3) is written in discretionary terms. Only if the trial court judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible may he require the identity of the informer to be disclosed. TEX.R. EVID. 508(c)(3). The test is whether the judge is satisfied that the informant was reasonably believed to be reliable or credible. *Thompson v. State,* 741 S.W.2d 229, 231 (Tex.App.-Fort Worth 1987, pet. ref'd).

As the sole judge of the credibility of the witnesses, the trial judge was entitled to believe Officer Turrubiate's testimony and was not obliged to require disclosure of the informant's identity. *Id.* at 231. There is nothing in the record which indicates that Turrubiate did not believe the informant to be reliable or credible at the time that he made his affidavit. We, therefore, cannot say that the trial court abused its discretion in refusing to order disclosure of the informant's identity.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.