COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-187-CR
 
  
ALBERT 
ALEGRIA                                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
February 2001, Fort Worth police officer Ramon Perez received a tip from a 
confidential informant that an older man known only to the informant as 
“Wolf” was selling crack cocaine from a residence in Fort Worth.  Over 
the next several days, Perez conducted surveillance of the residence and 
determined that the activity around the house was consistent with drug sales.  
Perez also discovered that another officer had purchased drugs from a “Burt 
Wolf” in January 2001 at a location in Fort Worth.
        Perez 
obtained a search warrant for the residence, and with other officers executed 
the warrant on February 20, 2001.  Appellant Albert and five other 
individuals were present when the warrant was served.  Pursuant to a 
comment Appellant made, one of the officers searched Appellant’s left sock and 
found a small bag containing sixty-five smaller baggies, each containing crack 
cocaine.  In addition, officers seized a cash-filled wallet marked 
“Wolf.”
        After 
waiving his rights, Appellant wrote a confession admitting that he lived at the 
residence and that the cocaine found in his pant leg belonged to him and no one 
else.  Before trial, Appellant filed motions to suppress the evidence and 
his confession.  At the pretrial hearing, Appellant objected to the 
admission of the drugs based on the premise that the warrant was stale and there 
was no indication on the face of the warrant that the confidential informant had 
actually viewed drugs at the residence in the seventy-two hours prior to the 
informant’s statements.  Appellant’s objections to the admission of the 
evidence and his statement were denied.  A jury found Appellant guilty, and 
the trial court sentenced him to 18 years’ confinement.
        When 
an appellate court reviews a trial court’s decision denying a motion to 
suppress, we apply an abuse of discretion standard, giving almost total 
deference to the trial court’s determination of historical facts, but then 
review the trial court’s application of the law de novo.  Johnson v. 
State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Carmouche v. State, 
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 
85, 89 (Tex. Crim. App. 1997).  The trial court is to look to the 
“totality-of-the-circumstances” as contained within the four corners of the 
affidavit.  Illinois v. Gates, 462 U.S. 213, 230-31, 103 S. Ct. 
2317, 2328 (1983).
        Our 
review is limited to examining the four corners of the affidavit to determine 
whether probable cause exists.  See U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp. 2004); Jones 
v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992).  In this review, 
we are to determine whether there is a fair probability, not an actual showing, 
that contraband or evidence of a crime will be found in a particular place in 
light of the totality of the facts set forth in the affidavit.  See 
Gates, 462 U.S. at 238-39, 103 S. Ct. at 2332; Hennessy v. State, 660 
S.W.2d 87, 89 (Tex. Crim. App. [Panel Op.] 1983) (holding that the informant’s 
basis of knowledge, or reliability, along with his veracity, or credibility, are 
relevant considerations in the totality of the circumstances).  The 
officer’s affidavit must provide the magistrate with a substantial basis for 
concluding that a search would uncover evidence of wrongdoing. Gates, 462 
U.S. at 236, 103 S. Ct. at 2331.  The informant’s reliability or basis of 
knowledge is relevant in determining the value of his assertions.  Id. 
at 230, 103 S. Ct. at 2328.  Corroboration of the details of an 
informant’s tip through independent police investigation can also be relevant 
in the magistrate’s determination of probable cause.  Id. at 
241-42, 103 S. Ct. at 2334.
        Likewise, 
the foundation for the officer’s belief in an informant’s credibility and 
veracity should be set forth. “[A] deficiency in one may be compensated . . . 
by a strong showing as to the other, or by some other indicia of reliability.”  
Id. at 233, 103 S. Ct. at 2329.  Gates also instructs us 
that, as a reviewing court, we are to ensure that the magistrate had a 
substantial basis for concluding probable cause exists.  Id. at 236, 
103 S. Ct. at 2331; see Bower v. State, 769 S.W.2d 887, 902 (Tex. Crim. 
App. 1989) (holding we do not conduct a de novo review, but look to the evidence 
as a whole and determine whether there is substantial evidence to support the 
magistrate’s decision), overruled on other grounds, 769 S.W.2d 887 
(Tex. Crim. App. 1991).
        Appellant 
claims that the affidavit in support of the search warrant in this case is 
deficient for two reasons.  First, he complains that it does not allege 
that the informant is credible.  The affidavit, however, states that the 
affiant, Officer Ramon Perez, “met with a reliable confidential 
informant concerning the illegal possession and distribution of [c]ocaine.”  
[Emphasis added.]  The affidavit additionally states that the informant 
previously provided information that led to the arrests of individuals for 
possession of a controlled substance and displayed the ability to accurately 
identify cocaine.  We therefore conclude that the affidavit provided the 
magistrate with a substantial basis for determining that the informant was 
reliable and credible.
        Second, 
Appellant asserts that the affidavit is stale because it does not specifically 
state that the confidential informant was inside Appellant’s house within the 
last seventy-two hours and at that time observed drugs.  To justify 
a magistrate’s finding that an affidavit is sufficient to establish probable 
cause, the facts set out in the affidavit must not have become stale by the time 
the magistrate issues the search warrant.  See Uresti v. State, 98 
S.W.3d 321, 336 (Tex. App.—Houston [1st Dist.] 2003, no pet.); Morris v. 
State, 62 S.W.3d 817, 822 (Tex. App.—Waco 2001, no pet.).  Probable 
cause ceases to exist when, at the time the search warrant was issued, it would 
be unreasonable to presume the items remain at the suspected place.  Blake 
v. State, 125 S.W.3d 717, 725 (Tex. App.—Houston [1st Dist.] 2003, no 
pet.).
        The 
affidavit at issue in this case states that “the confidential informant 
advised your affiant that he/she had personally been inside 3308 NW 30th 
St.—with the most recent visit within the past 72 hours—and that he/she 
personally witnessed the suspects in possession of and selling quantities of [c]ocaine.”  
Appellant argues that the affidavit simply says that the informant observed 
Appellant in possession of and selling cocaine and that he/she was in the house 
within the last seventy-two hours, not that he observed Appellant in possession 
of and selling cocaine in the house within the last seventy-two hours.
        We 
have carefully reviewed the affidavit at issue and conclude that the recitations 
in the affidavit establish probable cause for the search warrant of 
Appellant’s residence.  The affidavit revealed that the informant had 
seen contraband packed as though for sale and that the investigating officer had 
recently seen activity around the house consistent with the sale of drugs.  
The affidavit also recited facts indicating Appellant’s involvement with drugs 
since at least October 2000—including an undercover purchase of cocaine from 
Appellant in 2001 and Appellant’s presence in a home when a narcotics 
investigation resulted in the arrests of several people for possession of a 
controlled substance.
        The 
affidavit established that the criminal activity conducted in the house was of a 
“protracted and continuous nature.”  See Lockett v. State, 879 
S.W.2d 184, 189 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).  
Consequently, the passage of time becomes less significant.  Id.  
We conclude that the affidavit provided the magistrate with a substantial basis 
for determining that the items listed in the affidavit were still present at the 
suspected place, and the trial court did not abuse its discretion in denying 
Appellant’s motions to suppress.  Appellant’s sole point is overruled 
and we affirm the trial court’s judgment.

 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 13, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.