ALEGRIA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-187-CR

ALBERT ALEGRIA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In February 2001, Fort Worth police officer Ramon Perez received a tip from a confidential informant that an older man known only to the informant as “Wolf” was selling crack cocaine from a residence in Fort Worth.  Over the next several days, Perez conducted surveillance of the residence and determined that the activity around the house was consistent with drug sales.  Perez also discovered that another officer had purchased drugs from a “Burt Wolf” in January 2001 at a location in Fort Worth.

Perez obtained a search warrant for the residence, and with other officers executed the warrant on February 20, 2001.  Appellant Albert and five other individuals were present when the warrant was served.  Pursuant to a comment Appellant made, one of the officers searched Appellant’s left sock and found a small bag containing sixty-five smaller baggies, each containing crack cocaine.  In addition, officers seized a cash-filled wallet marked “Wolf.”

After waiving his rights, Appellant wrote a confession admitting that he lived at the residence and that the cocaine found in his pant leg belonged to him and no one else.  Before trial, Appellant filed motions to suppress the evidence and his confession.  At the pretrial hearing, Appellant objected to the admission of the drugs based on the premise that the warrant was stale and there was no indication on the face of the warrant that the confidential informant had actually viewed drugs at the residence in the seventy-two hours prior to the informant’s statements.  Appellant’s objections to the admission of the evidence and his statement were denied.  A jury found Appellant guilty, and the trial court sentenced him to 18 years’ confinement.

When an appellate court reviews a trial court’s decision denying a motion to suppress, we apply an abuse of discretion standard, giving almost total deference to the trial court’s determination of historical facts, but then review the trial court’s application of the law de novo.  
Johnson v. State, 
68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  The trial court is to look to the “totality-of-the-circumstances” as contained within the four corners of the affidavit.  
Illinois v. Gates
, 462 U.S. 213, 230-31, 103 S. Ct. 2317, 2328 (1983).  

Our review is limited to examining the four corners of the affidavit to determine whether probable cause exists.  
See
 
U.S. Const
. amend. IV; 
Tex. Const
. art. I, § 9; 
Tex. Code Crim. Proc.
 
Ann
. art. 18.01(b) (Vernon Supp. 2004); 
Jones v. State
, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992).  In this review, we are to determine whether there is a fair probability, not an actual showing, that contraband or evidence of a crime will be found in a particular place in light of the totality of the facts set forth in the affidavit.  
See Gates
, 462 U.S. at 238-39, 103 S. Ct. at 2332; 
Hennessy v. State
, 660 S.W.2d 87, 89 (Tex. Crim. App. [Panel Op.] 1983) (holding that the informant’s basis of knowledge, or reliability, along with his veracity, or credibility, are relevant considerations in the totality of the circumstances).  The officer’s affidavit must provide the magistrate with a substantial basis for concluding that a search would uncover evidence of wrongdoing. 
 Gates, 
462 U.S. at 236, 103 S. Ct. at 2331.  The informant’s reliability or basis of knowledge is relevant in determining the value of his assertions.  
Id. 
at 230, 103 S. Ct. at 2328.  Corroboration of the details of an informant’s tip through independent police investigation can also be relevant in the magistrate’s determination of probable cause.  
Id.
 at 241-42, 103 S. Ct. at 2334.

Likewise, the foundation for the officer’s belief in an informant’s credibility and veracity should be set forth.  “[A] deficiency in one may be compensated . . . by a strong showing as to the other, or by some other indicia of reliability.”  
Id.
 at 233, 103 S. Ct. at 2329.  
Gates
 also instructs us that, as a reviewing court, we are to ensure that the magistrate had a substantial basis for concluding probable cause exists.  
Id.
 at 236, 103 S. Ct. at 2331; 
see Bower v. State
, 769 S.W.2d 887, 902 (Tex. Crim. App. 1989) (holding we do not conduct a de novo review, but look to the evidence as a whole and determine whether there is substantial evidence to support the magistrate’s decision), 
overruled on other grounds
, 769 S.W.2d 887 (Tex. Crim. App. 1991).

Appellant claims that the affidavit in support of the search warrant in this case is deficient for two reasons.  First, he complains that it does not allege that the informant is credible.  The affidavit, however, states that the affiant, Officer Ramon Perez, “met with a 
reliable
 confidential informant concerning the illegal possession and distribution of [c]ocaine.” [Emphasis added.]  The affidavit additionally states that the informant previously provided information that led to the arrests of individuals for possession of a controlled substance and displayed the ability to accurately identify cocaine.  We therefore conclude that the affidavit provided the magistrate with a substantial basis for determining that the informant was reliable and credible.  

Second, Appellant asserts that the affidavit is stale because it does not specifically state that the confidential informant was inside Appellant’s house within the last seventy-two hours and 
at that time 
observed drugs.  To justify a magistrate’s finding that an affidavit is sufficient to establish probable cause, the facts set out in the affidavit must not have become stale by the time the magistrate issues the search warrant.  
See Uresti v. State
, 98 S.W.3d 321, 336 (Tex. App.—Houston [1st Dist.] 2003, no pet.); 
Morris v. State
, 62 S.W.3d 817, 822 (Tex. App.—Waco 2001, no pet.).  Probable cause ceases to exist when, at the time the search warrant was issued, it would be unreasonable to presume the items remain at the suspected place.  
Blake v. State
, 125 S.W.3d 717, 725 (Tex. App.—Houston [1st Dist.] 2003, no pet.). 

The affidavit at issue in this case states that “the confidential informant advised your affiant that he/she had personally been inside 3308 NW 30th St.—with the most recent visit within the past 72 hours—and that he/she personally witnessed the suspects in possession of and selling quantities of [c]ocaine.”  Appellant argues that the affidavit simply says that the informant observed Appellant in possession of and selling cocaine and that he/she was in the house within the last seventy-two hours, not that he observed Appellant in possession of and selling cocaine in the house within the last seventy-two hours.  

We have carefully reviewed the affidavit at issue and conclude that the recitations in the affidavit establish probable cause for the search warrant of Appellant’s residence.  The affidavit revealed that the informant had seen contraband packed as though for sale and that the investigating officer had recently seen activity around the house consistent with the sale of drugs.  The affidavit also recited facts indicating Appellant’s involvement with drugs since at least October 2000—including an undercover purchase of cocaine from Appellant in 2001 and Appellant’s presence in a home when a narcotics investigation resulted in the arrests of several people for possession of a controlled substance.  

The affidavit established that the criminal activity conducted in the house was of a “protracted and continuous nature.”  
See Lockett v. State
, 879 S.W.2d 184, 189 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).  Consequently, the passage of time becomes less significant.  
Id
.  We conclude that the affidavit provided the magistrate with a substantial basis for determining that the items listed in the affidavit were still present at the suspected place, and the trial court did not abuse its discretion in denying Appellant’s motions to suppress.  Appellant’s sole point is overruled and we affirm the trial court’s judgment.  

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 13, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.