Opinion issued June 8, 2006













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00233-CR




WALKER ZEIGLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1003321




MEMORANDUM OPINION

          A jury found appellant, Walker Zeigler, guilty of possession of a controlled
substance, namely cocaine, weighing at least 400 grams and assessed punishment at
40 years’ confinement and a $100,000 fine. In his sole point of error, appellant
contends the trial court erred in overruling his motion to suppress evidence. We
affirm.
BACKGROUND
          The evidence, considered in the light most favorable to the trial court’s ruling
on the motion, is as follows. On October 7, 2004, Houston Police Department Officer
G. Siens was working with a team of undercover officers performing drug interdiction
at the downtown Greyhound bus station. Siens testified that drug interdiction officers
monitor airports, bus stations, and train stations to confiscate narcotics. At
approximately 9:00 p.m., Siens noticed appellant walking around waiting for a bus
to complete boarding before he got on the bus. Siens suspected that appellant might
be carrying drugs because he was wearing oversized clothes, was carrying a bag
without any tags on it, and was looking around the concourse area “to see if he [was]
being watched by any kind of surveillance.” Siens continued to watch appellant as
he approached a security check point, where a security guard was using a wand-type
metal detector to scan passengers as they passed. Siens noticed that, as the security
guard scanned the front part of appellant’s body, the alarm sounded. The security
guard then asked appellant what he had in front, and appellant replied that it was “just
my cigarettes.” The security guard asked appellant to empty his pockets, but
appellant protested “Look, I am going to miss my bus. It’s getting ready to leave.” 
The security guard then allowed appellant to pass without checking any further.
          Siens decided to approach appellant and talk to him before he boarded the bus. 
Siens identified himself as a police officer and presented his identification. Siens,
who was not in uniform, was armed, but did not display his weapon. He asked
appellant if he would talk with him and appellant agreed. Siens asked appellant if he
was traveling that day, and appellant replied that he was. Siens asked if appellant was
traveling on business or pleasure, and appellant replied that he was traveling to Texas. 
Siens asked appellant where he was traveling in Texas, and appellant again replied,
“Texas.” Siens stated that appellant appeared very nervous because his hands were
shaking.
          Siens asked if he could see appellant’s ticket. Appellant replied, “Yes,” and
the bus driver, who had been holding appellant’s ticket, passed it to Siens. The ticket,
which was issued in the name of Daryl Walker, was a cash round-trip ticket from
Birmingham, Alabama, to Houston, and then back to Birmingham. Siens asked
appellant how long he would be in Houston, and appellant replied that he would be
visiting his sister for two days. Siens then asked if appellant had any identification
and whether he could see it. Appellant presented Siens with an Alabama driver’s
license issued in his own name, Walker Ziegler. Siens asked appellant who Daryl
Walker was, and appellant replied that it was a friend who had bought the ticket for
appellant. Siens returned appellant’s ticket and asked appellant if he had any luggage
with him. Appellant indicated a small, black pullman bag on the floor. Siens asked
appellant if he had packed the bag himself and whether he was aware of its contents. 
Appellant replied affirmatively to both questions.
          Siens then explained to appellant that he was a narcotics officer and that he
worked at the bus station and airport on a daily basis looking for people that carry
large amounts of money or narcotics. Appellant offered to let Siens look in the bag,
but Siens did not do so at that time. Instead, Siens asked appellant if he was in
possession of a large amount of money or narcotics, and appellant said “No.” Siens
then asked appellant if he would permit a search of his suitcase. Appellant told the
officer to “go ahead.”
          Siens then passed the suitcase to Officer Eller, another plain clothes officer,
who was standing nearby. As Eller looked through the suitcase, Siens asked
appellant if he could pat him down. Appellant replied, “No problem,” and then
turned toward Siens and lifted his sweater away from his body. Siens patted
appellant’s pockets and the front of his pants, in the area where Siens had seen the
metal detector alert. Siens discovered a hard object, which he believed from his
knowledge and experience to be a kilogram of cocaine, in the front of appellant’s
pants. When Siens asked appellant what the object was, appellant replied that it was
his cigarettes. Appellant then attempted to flee, but was stopped by the officers, who
then handcuffed appellant. After arresting appellant, Siens looked inside appellant’s
pants and saw a package that he believed to contain cocaine. The officers then took
appellant to a security area to search him and, in doing so, discovered a kilogram of
cocaine wrapped in duct tape in appellant’s pants and a half a kilogram of cocaine
wrapped in duct tape in appellant’s sock.
MOTION TO SUPPRESS
Standard of Review
          In reviewing the trial court’s ruling on a motion to suppress evidence, we apply
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Blake v. State, 125 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.]
2003, no pet.). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, but we conduct a de novo review of the
trial court’s application of the law to those facts. Carmouche, 10 S.W.3d at 327. We
review de novo the trial court’s application of the law of search and seizure and
probable cause. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Blake,
125 S.W.3d at 722. We examine the evidence in the light most favorable to the trial
court’s ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.1999). When,
as here, the record contains the ruling but no findings of fact or conclusions of law,
we presume that the trial court found whatever facts were needed to support its ruling. 
State v. Johnson, 896 S.W.2d 277, 280 (Tex. App.—Houston [1st Dist.] 1995), aff’d,
939 S.W.2d 586 (Tex. 1996).
Consensual Encounter or Detention?
          Appellant argues that he did not consent to the pat-down search by Siens. We
interpret the argument to be that, because the encounter between appellant and Siens
was not a consensual encounter but a detention, the State was required to show
reasonable suspicion.
          An investigative detention is distinct from an encounter, which is not a seizure.
Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). During an encounter,
an officer is free to approach a person and to ask questions, but the person is also free
to ignore the officer and to walk away. Id. Such interaction remains a consensual 
encounter until a reasonable person would no longer feel free “to disregard the police
and go about his business.” Id., (citing California v. Hodari, D., 499 U.S. 621, 628,
111 S. Ct. 1547, 1552 (1991)). Id. In a consensual encounter, the State is not
required to prove the law enforcement officer had either a reasonable suspicion or
probable cause to approach the citizen and ask questions because a consensual
encounter is not a seizure: neither an investigative detention nor an arrest. Id. To
determine whether an exchange between a person and a police officer is a consensual
encounter or a detention, each case is decided by an examination of the totality of the
circumstances. Peterson v. State, 857 S.W.2d 927, 930 (Tex. App.—Houston [1st
Dist.] 1993, no pet.).
          Appellant argues that the encounter was not consensual because Siens never
told appellant that he had a right to refuse to answer any questions. Although not
cited in appellant’s brief, this argument is apparently based on the holding of the
Court of Criminal Appeals in Hunter v. State, 955 S.W.2d, 102, 104 (Tex. Crim. App.
1997). In Hunter, a remarkably similar case, the following facts were shown:
Officers Ralph Rodriguez and Danny Furstenfeld were monitoring the
downtown Houston bus station for drug traffickers when they
approached appellant as he waited to board a bus to Baton Rouge. 
Rodriguez asked appellant for permission to speak with him and
identified himself as a police officer. He questioned appellant while
Furstenfeld stood several feet back, but within hearing range. He asked
appellant about where he was traveling and then asked if he could see
appellant’s bus ticket. Appellant proffered his ticket. Rodriguez
returned the ticket to appellant and then asked to see his identification. 
Appellant had none. He asked if appellant was carrying any narcotics. 
Appellant replied that he was not. Rodriguez then told appellant that he
was a narcotics officer conducting a narcotics interview. He asked
appellant if he could look inside his bag, but also informed appellant
that he “did not have to let me.” Appellant nevertheless agreed to the
search of his bag. During that search Rodriguez discovered a white
substance, which later proved to be cocaine.

Hunter, 955 S.W.2d at 103. The Court of Criminal Appeals held that the encounter
described above was not a detention because (1) the officer told the defendant that
compliance with the request to search was not required; (2) the officers were dressed
in plain clothes and their weapons were concealed; (3) only one officer questioned
the defendant while his partner stood several feet back; (4) the officer did not retain
the defendant’s ticket, but gave it back; (5) the officer did not affirmatively state that
he believed the defendant was carrying drugs; and (6) the officer did not suggest that
he would get a search warrant if consent to search was not given. Id. at 104. The
Court of Criminal Appeals held that “[u]nder these facts, a reasonable person would
have felt free to walk away from the officer at any time during the encounter, prior
to the search of the bag.” Id. As such, the court concluded that no detention had
occurred. Id. 
          In this case, Siens followed the exact same procedure in interviewing appellant
as the officer in the Hunter case, except that Siens did not affirmatively tell appellant
that compliance with his requests was not required. The Hunter court did not hold,
however, that the officer was required to affirmatively tell the defendant that
compliance with his requests was not required—such a statement was merely one of 
six factors that the court considered. See id. Moreover, the Court of Criminal
Appeals has held that “[a]lthough a police officer’s failure to inform the accused that
he can refuse consent is a factor to consider, the absence of such information does not
automatically render the accused’s consent involuntary.” Johnson v. State, 68 S.W.3d
644, 653 (Tex. Crim. App. 2002). 
          Nothing in the record before us suggests that appellant’s consent to a pat-down
search was anything other than a voluntary response to Siens’s request. In fact,
appellant not only responded affirmatively to Siens’s request, he also pulled up his
shirt without being requested to do so.
          Accordingly, we hold that the evidence supports a finding by the trial court that
the encounter between appellant and Siens was a consensual encounter and not a
detention.
Pat-Down Beyond the Scope of Consent or Valid Search Incident to Arrest?
          Appellant argues that even if he had consented to the pat-down search, “[b]y
peering inside Zeigler’s pants, Siens exceeded the scope to [sic] the consent given to
him by Zeigler.” The State responds that appellant was already under arrest when
Siens looked inside appellant’s pants, and that the search was proper as a search
incident to arrest.
          Although a warrantless search is presumptively unreasonable under the Fourth
Amendment, see Horton v. California, 496 U.S. 128, 133 n. 4, 110 S. Ct. 2301, 112
(1990), the rule is well-established that failure to obtain a search warrant is excusable
under both the United States and Texas Constitutions when the search is incident to
a lawful arrest. See Clark v. State, 548 S.W.2d 888, 889 (Tex. Crim. App. 1977). 
Officers are entitled to search the area within the arrestee’s immediate control for
weapons or evidence. See Chimel v. California, 395 U.S. 752, 763, 89 S. Ct.
2034(1969); Carrasco v. State, 712 S.W.2d 120, 123 (Tex. Cr. App. 1986).
          Thus, the issue the Court must decide is whether appellant was lawfully under
arrest when Siens looked down appellant’s pants and saw the package of cocaine, i.e.,
whether Siens possessed probable cause to believe that appellant was committing a
crime. 
          A peace officer may arrest an offender without a warrant for any offense
committed in the officer’s presence or view. Tex. Code Crim. Proc. Ann. art.
14.01(b). (Vernon Supp. 2005). Probable cause for a warrantless arrest exists where
the police have reasonably trustworthy information, considered as a whole, sufficient
to warrant a reasonable person to believe a particular person has committed, or is
committing, an offense. Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Probable cause
deals with probabilities: it requires more than mere suspicion, but far less evidence
than that needed to support a conviction or even that needed to support a finding by
a preponderance of the evidence. Hughes, 24 S.W.3d at 838; Guzman, 955 S.W.2d
at 87. In reviewing a warrantless arrest to determine the existence of probable cause,
we look to the facts known to the officer at the time of the arrest. Amores v. State,
816 S.W.2d 407, 415 (Tex. Crim. App. 1991). Whether probable cause exists is
determined by considering the totality of the circumstances. Id. at 413.
          In this case, before he arrested appellant and looked down his pants to see the
package of cocaine, Siens was in possession of the following facts. Siens first
noticed appellant because he was wearing oversized clothing, was carrying an
untagged bag, and was looking around the terminal to see if he was under
surveillance. Siens testified that, in his experience as a drug-interdiction officer,
these were signs that appellant might be a drug courier. Siens saw that appellant let
everyone else board the bus before attempting to do so himself. When going through
the metal detector, the detector sounded, but appellant told the security guard that he
was going to miss his bus, and the guard let him through. Appellant was traveling on
a round-trip bus ticket that had been paid for in cash, which, Siens testified, was also
a characteristic of a drug courier. The ticket was issued in a different name from that
on appellant’s driver’s license. Siens testified that this, too, was a characteristic of
drug couriers. Appellant was very nervous, and his hands were shaking. He
responded somewhat nonsensically to Siens’ questions by stating repeatedly that he
was traveling to Texas. When Siens patted the front of appellant’s pants, in the area
that caused the metal detector to alert, he felt a hard object, which he believed was
cocaine or heroin. Appellant then turned and attempted to flee, but was stopped and
arrested by the officers. 
          We conclude that the information that Siens possessed before arresting
appellant, considered as a whole, was sufficient to warrant a reasonable person’s
believing that appellant was committing an offense, i.e., possessing a controlled
substance. That Siens did not know for certain that the package contained cocaine
does not negate the existence of probable cause. See Joseph v. State, 3 S.W.3d 627,
634 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (stating that officer need not be
certain that offense was committed to establish probable cause).
          Because Siens possessed probable cause to conduct a warrantless arrest of
appellant, the cocaine discovered in appellant’s pants and sock was recovered as a
result of a search incident to that arrest. Accordingly, we hold that the trial court did
not err by overruling appellant’s motion to suppress evidence.
          We overrule appellant’s sole point of error.
CONCLUSION
          We affirm the judgment of the trial court.
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).