Opinion issued August 12, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00335-CR

———————————

Derrick Quiller, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the Criminal District Court

Jefferson County, Texas



Trial Court Case No. 0803899

 



 

MEMORANDUM OPINION

          Appellant,
Derrick Quiller, was charged with possessing less than one gram of crack
cocaine, a group 1 controlled substance.[1]  Four prior offenses enhanced his charge.  Appellant filed a motion to suppress the
evidence against him, and the trial court denied this motion.  Appellant entered a plea of “no contest.”  The trial court found him guilty of the
offense, then found the four enhancement paragraphs “true,” and assessed
punishment at five years’ imprisonment.  In
one issue, appellant argues that the trial court erred in denying his motion to
suppress the evidence against him. [2]  

          We
affirm.

BACKGROUND

          Around
3:30 a.m. on April 9, 2008, appellant was driving his car in Beaumont,
Texas.  Officers L. Keen and D. Jackson
of the Beaumont Police Department stopped the car because it did not have a
functioning light illuminating its rear license plate.  Appellant, the only person in the car, pulled
the car into the driveway of a home and exited the car.

Appellant did not follow
instructions from the officers to return to his car, and instead locked the car’s
doors with a remote control.  Officer
Jackson searched appellant while Officer Keen used his flashlight to look into
the car, where he saw “a clear plastic baggy [containing] white rock[-]like
substances” on the car’s floorboard between the driver’s side and the
passenger’s side.  Some of the rock-like substances
had fallen out of the bag and onto the floorboard.  Officer Keen suspected that the white rock-like
substances were crack cocaine.  Officer Jackson
removed the rocks from the car and then contacted police dispatch, which
informed him that appellant had warrants out for his arrest.    

          On
June 19, 2008, the State obtained an indictment against appellant, charging him
with possessing less than one gram of crack cocaine.  The indictment also included four enhancement
paragraphs alleging four other felony offenses for possession of a controlled
substance.  Appellant filed a motion to
suppress the crack cocaine recovered from his car, all evidence obtained from
his arrest, and any oral statement he might have made.  He argued in his motion that the evidence was
seized without a warrant and therefore violated the United States and Texas
Constitutions.

          On
February 27, 2009, the trial court held a hearing on appellant’s motion.  The State called Officer Keen, who testified
that he pulled appellant’s car over because it “had defective equipment . . . ,
a rear license plate lamp that was inoperative.”  The State asked Officer Keen, “Did you have a
video taken of [appellant’s arrest],” to which Officer Keen replied, “Yes.”  At that point, defense counsel interrupted
the questioning, without objecting, to state that he had not received a copy of
this tape.  Officer Keen then stated that
he might not have made a tape, or that he might have attempted to make a tape
but that the system malfunctioned.  The
trial court recessed the hearing so that attempts could be made to determine
whether a tape had been made and, if so, to locate it.

          On
March 6, 2008, the trial court reconvened and continued its hearing on
appellant’s motion to suppress.  Officer
Keen was the first witness to testify. 
He again testified that he had decided to stop appellant because “[t]he
rear license plate lamp was inoperable.” 
He then testified there
was video tape of the arrest, but that the camera malfunctioned and the video
tape was thus blank.  However, he testified that the crack cocaine
was in plain view on the floorboard of the car and that he directed Officer
Jackson to arrest appellant.  The State
then called Officer Jackson.

          Officer
Jackson testified that he and Officer Keen decided to stop appellant because
“[t]he rear license plate lamp was out.” 
He then testified that the area in which they encountered appellant was
a high-crime area.  He testified that he removed
the crack cocaine from appellant’s car, and he identified his initials on the
evidence bag that contained the crack cocaine recovered from the car.  The trial court denied appellant’s motion to
suppress.

 

 

 

DENIAL OF MOTION TO SUPPRESS

          In a
single issue, appellant argues that the trial court erred in denying his motion
to suppress the evidence against him because it was seized pursuant to an
unreasonable, warrantless search.  

A.   Standard of Review

In reviewing a trial court’s ruling
on a motion to suppress evidence, we apply a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Blake v. State,
125 S.W.3d 717, 722 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).  We give
almost total deference to the trial court’s determination of historical facts
that depend on credibility, while we conduct a de novo review of the trial
court’s application of the law to those facts. Carmouche, 10 S.W.3d at 327.  In a hearing on a motion to suppress, the trial
court is the sole trier of fact and judge of the credibility of the witnesses
and the weight to be given their testimony.  State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  “This is so because it is the trial court that
observes first hand the demeanor and appearance of a witness, as opposed to an
appellate court which can only read an impersonal record.”  Id.  We must sustain the trial court’s ruling if it
is reasonably supported by the record evidence and is correct under any theory
of law applicable to the case.  Id. at 855–56.

 

B.   Analysis

A traffic stop is a detention and,
therefore, must be reasonable.  Davis v. State, 947 S.W.2d 240, 244
(Tex. Crim. App. 1997); Magana v. State,
177 S.W.3d 670, 673 (Tex. App—Houston
[1st Dist.] 2005, no pet.).  The decision
to stop an automobile is reasonable when the police have probable cause to
believe that a traffic violation has occurred.  Whren v.
United States, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772 (1996); Walter v. State, 28 S.W.3d 538, 540 (Tex.
Crim. App. 2000).  A car must have an
operating white light that illuminates its rear license plate.  Tex.
Transp. Code Ann. § 547.322(f) (Vernon 1999) (“A taillamp or a
separate lamp shall be constructed and mounted to emit a white light that: (1)
illuminates the rear license plate; and (2) makes the plate clearly legible at
a distance of 50 feet from the rear.”).  

The Fourth Amendment protects
against unreasonable searches and seizures. 
U.S. Const. amend. IV; Walter v. State, 28 S.W.3d 538, 540–41 (Tex.
Crim. App. 2000).  Searches conducted
without a warrant are per se unreasonable, but “seizing contraband in plain
view does not run afoul of the Fourth Amendment.”  Walter,
28 S.W.3d at 541.  Under this doctrine,
if the police show “(1) that law enforcement officials see an item in plain
view at a vantage point where they have the right to be, and (2) it is
immediately apparent that the item seized constitutes evidence—that is, there is probable cause to associate
the item with criminal activity”—then they do not have to first obtain a warrant before seizing the
evidence.  Martinez v. State, 17 S.W.3d 677, 685 (Tex. Crim. App. 2000).  

Here, Officer Keen testified that
he stopped appellant because the car appellant was driving “had defective
equipment . . . a rear license plate lamp that was inoperative.”  Officer Keen had the right to stop appellant,
and, after seeing a white rock-like substance in a baggie on the floorboard, he
had probable cause to associate the item with criminal activity.  Therefore his seizure of the crack cocaine
without a warrant was legal under the “plain view doctrine.”  See
Martinez, 17 S.W.3d at 685.  

We conclude that the trial court’s
ruling was reasonably supported by the record and correct in its application of
the law.  See Ross, 32 S.W.3d at 855–56; see also Martinez, 17
S.W.3d at 685.  Therefore, we overrule
appellant’s sole issue.

CONCLUSION

We affirm the judgment of the trial
court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
              See Tex. Health & Safety Code
Ann. §
481.115(b) (Vernon 2010) (providing elements for offense of possession of
substance listed in Penalty Group 1); see
also Tex.
Health & Safety Code Ann. § 481.102(3)(D)
(Vernon 2010) (listing cocaine as substance in Penalty Group 1). 

 





[2]
              The
Texas Supreme Court transferred this appeal from the Court of Appeals for the
Tenth District of Texas.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005) (authorizing transfer of cases).