Opinion issued March 2, 2006










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00833-CR




DONALD RAY RICHARDSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 976009




MEMORANDUM OPINION
          Appellant, Donald Ray Richardson, pleaded not guilty to possession with intent
to deliver methamphetamine, a controlled substance, weighing at least 400 grams by
aggregate weight, including any adulterants and dilutants. See Tex. Health &
Safety Code Ann. § 481.112(f) (Vernon 2003). A jury convicted appellant, and the
court assessed punishment at 45 years’ confinement in prison. In his first issue,
appellant challenges the legal sufficiency of the evidence to establish that he
possessed over 400 grams of methamphetamine. In his second issue, appellant
contends that the trial court erred by denying his motion to suppress evidence because
the State’s affidavit supporting its search warrant fails to allege sufficient probable
cause. We affirm.
Background
          On January 30, 2004, Houston Police Department (HPD) Officer MacNaul was
working an extra job at an apartment complex when Jason Orzo approached him. 
Orzo stated that appellant had just attempted to run over him with a blue Ford F150
(truck). Officer McNaul drove Orzo to appellant’s residence to investigate. On the
way, Orzo stated that appellant was operating a methamphetamine lab in his
apartment and that appellant’s truck was filled with supplies to make
methamphetamine.
          Upon arriving, Officer MacNaul observed a blue Ford F150, matching Orzo’s
description, loaded with items that were concealed by a tarp. Appellant left his
apartment and approached Officer MacNaul. Appellant denied that he assaulted
Orzo, denied that he had a methamphetamine lab in his home, and refused Officer
MacNaul’s request to search the residence and truck.
          Officer MacNaul then called for a narcotics team to investigate. HPD Officer
Lott responded with his narcotics dog, Gordy. Gordy made positive alerts for the
presence of narcotics at the front and back doors of appellant’s apartment, and at the
driver’s side door of the truck. Based on Orzo’s information and Gordy’s alerts,
Officer MacNaul obtained a search warrant for appellant’s truck and home. While
Officer McNaul was preparing the search warrant, HPD Sergeant Lopez remained at
the scene with appellant. Appellant then gave Sergeant Lopez oral consent to search
the truck. The search produced chemicals and glassware commonly used in the
manufacture of methamphetamine and methamphetamine residue. Sergeant Lopez
communicated to Officer McNaul the results of the search of the truck.
          After Officer McNaul obtained the search warrant, he immediately returned to
appellant’s home to conduct the search. He saw a lot of chemicals and glassware in
the house when he executed the warrant. Suspecting this to be a methamphetamine
lab, he called Officer Dimambro, a member of a task force that specializes in
dismantling methamphetamine labs, who concluded after examining the scene that
the items in appellant’s apartment were consistent with the operation of a
methamphetamine lab. Officer Dimambro seized a number of items


 and substances,
both in liquid and powder form, and submitted them to the Texas Department of
Public Safety (TDPS) crime lab to be tested.
          TDPS criminologist Collins tested the substances submitted by Officer
Dimambro and determined that the total weight of all the substances containing
methamphetamine was approximately 1,232.61 grams.


 She determined the weight
of the methamphetamine based on the total weight of samples analyzed containing
methamphetamine.



Sufficiency of the Evidence
          In his first issue, appellant challenges the legal sufficiency of the evidence to
prove that he possessed over 400 grams of methamphetamine, including any
adulterants and dilutants, with intent to deliver. Appellant contends that the
substances containing methamphetamine were not intended to increase the bulk or
weight of the methamphetamine and therefore were not adulterants or dilutants.
          In a legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The jurors are the exclusive judges of
the facts, the credibility of the witnesses, and the weight to give their testimony. 
Davis v. State, 177 S.W.3d 355, 358 (Tex. App.—Houston [1st Dist.] 2005, no pet.
h.). A jury is entitled to accept one version of the facts and reject another, or reject
any part of a witness’s testimony. Id. Further, the jury may “draw reasonable
inferences from basic facts to ultimate facts.” Melton v. State, 120 S.W.3d 339, 342
(Tex. Crim. App. 2003). 
          An adulterant or dilutant is “any material that increases the bulk or quantity of
a controlled substance, regardless of its effect on the chemical activity of the
controlled substance.” Tex. Health & Safety Code Ann. § 481.002(49) (Vernon
Supp. 2005).


 Based on the plain language of this definition, any material
surrounding a controlled substance “is an adulterant or dilutant as long as it ‘increases
the bulk or quantity’ of the controlled substance.” Melton, 120 S.W.3d at 343. In
addition, a controlled substance “includes the aggregate weight of any mixture,
solution, or other substance containing a controlled substance.” Tex. Health &
Safety Code Ann. § 481.002(5) (Vernon Supp. 2005). 
          The record shows that Collins weighed substances that contained
methamphetamine, with an increased bulk resulting from the presence of unknown
solvents, for a total weight of approximately 1,232.61 grams. The jury, as the
exclusive judge of the facts and the credibility of the witnesses, was entitled to
believe Collins’s testimony regarding the weight and ingredients of the substances. 
See Davis, 177 S.W.3d at 358. It was therefore reasonable for the jury to infer that
the substances contained methamphetamine and that the total weight of the
substances containing methamphetamine exceeded 400 grams. See Melton, 120
S.W.3d at 343–44. Accordingly, we hold that the evidence was legally sufficient to
support appellant’s conviction.
          We overrule appellant’s first issue.
Motion to Suppress
          In his second issue, appellant contends that the trial court erred by denying his
motion to suppress evidence seized pursuant to a search warrant. Specifically,
appellant contends that the search warrant affidavit did not “allege sufficient probable
cause to authorize issuance of a search warrant.” Appellant challenges (1) the
reliability and credibility of Orzo, the informant, (2) the timing of when Orzo
observed appellant’s production of methamphetamine compared to when the warrant
was issued, and (3) the reliability of the canine unit. 
          At the suppression hearing, appellant generally objected to the search warrant
as follows: “I would object to the search warrant. Obviously, I don’t think there was
sufficient probable cause to obtain it.” Also at the hearing, appellant asserted that his
complaint was to the credibility of the informant by eliciting testimony that Orzo was
“not a credible informant.” Appellant neither objected to the trial court nor asserted
any complaints concerning the untimely execution of the search warrant and the
reliability of the canine unit and has thus waived those complaints on appeal.


 See
Tex. R. App. P. 33.1; see also Foster v. State, 874 S.W.2d 286, 289 (Tex. App.—Fort
Worth 1994, pet. ref’d) (holding that arguments regarding deficiencies in affidavit
and warrant not presented at suppression hearing were waived). We therefore need
only address the reliability and credibility of the informant to determine whether the
magistrate had probable cause to issue the search warrant.
          In reviewing the trial court’s ruling on a motion to suppress evidence, we apply
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Blake v. State, 125 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.]
2003, no pet.). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court's application of the law to those facts. Carmouche, 10 S.W.3d at 327. We
review de novo the trial court’s application of the law of search and seizure and
probable cause. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Blake,
125 S.W.3d at 722. Appellate review of an affidavit in support of a search warrant,
however, is not de novo. Blake, 125 S.W.3d at 722. Rather, great deference is given
to a magistrate’s determination of probable cause. Id.; see also Illinois v. Gates, 462
U.S. 213, 236–37, 103 S. Ct. 2317, 2331 (1983); Uresti v. State, 98 S.W.3d 321, 335
(Tex. App.—Houston [1st Dist.] 2003, no pet.). The test to determine probable cause
is whether the magistrate had a substantial basis for concluding that a search would
uncover evidence of wrongdoing. Gates, 462 U.S. at 236, 103 S. Ct. at 2331.
A.      Probable Cause
          Probable cause to support the issuance of a search warrant exists where the
facts submitted to the magistrate are sufficient to justify a conclusion that the object
of the search is probably on the premises to be searched at the time the warrant is
issued. Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App.1986); Blake, 125
S.W.3d at 722. To justify the issuance of a search warrant, the affidavit submitted in
support must set forth facts sufficient to establish probable cause that (1) a specific
offense has been committed, (2) specifically described property or items to be
searched for and seized constitute evidence of the offense, and (3) the property or
items constituting such evidence are located at the particular place to be searched. 
Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon 2005). Whether the facts
mentioned in the affidavit are adequate to establish probable cause depends on the
totality of the circumstances. Ramos v. State, 934 S.W.2d 358, 362–63 (Tex. Crim.
App. 1996). Statements made during a motion to suppress hearing do not factor into
the probable cause determination; rather, we examine only the four corners of the
affidavit to determine whether probable cause exists. Massey v. State, 933 S.W.2d
141, 148 (Tex. Crim. App. 1996); Blake, 125 S.W.3d at 723. Reasonable inferences
may be drawn from the affidavit, and the affidavit must be interpreted in a common
sense and realistic manner. Blake, 125 S.W.3d at 723. 
          The task of a magistrate in issuing a search warrant is to make a practical,
common-sense decision whether, given all the circumstances set forth in the warrant’s
supporting affidavit, including the veracity and basis of knowledge of persons
supplying hearsay information, there is a fair probability that contraband or evidence
of a crime will be found in a particular place. Gates, 462 U.S. at 238, 103 S. Ct. at
2332; Blake, 125 S.W.3d at 723. A reviewing court simply determines whether,
considering the totality of the circumstances, the magistrate had a substantial basis
for concluding that probable cause existed to support the issuance of the warrant
when viewing the affidavit. Gates, 462 U.S. at 238, 103 S. Ct. at 2332; Blake, 125
S.W.3d at 723. 
B.      Reliability of Informant and Corroborating Circumstances
          “[A]n affidavit need not reflect the direct personal observations of the affiant
so long as the magistrate is informed of some of the underlying circumstances
supporting the affiant’s belief that any informant involved was credible or his
information reliable.” United States v. Ventresca, 380 U.S. 102, 108, 85 S. Ct. 741,
745–46 (1965). Although an informant’s veracity, reliability, and basis of knowledge
are highly relevant in reviewing the sufficiency of an affidavit, these elements are not
each independent requirements, but closely intertwined issues that illuminate the
overall question of whether there is probable cause. Gates, 462 U.S. at 230, 103 S.
Ct. at 2317. Information provided by an informant must contain some indicia of
reliability or be reasonably corroborated by police before it can be used to justify a
search. Gates, 462 U.S. at 242, 103 S. Ct. at 2334; Blake, 125 S.W.3d at 727. 
Further, “[i]f the named informant is a private citizen whose only contact with the
police is a result of having witnessed a criminal act committed by another, the
credibility and reliability of the informant is inherent.” Belton v. State, 900 S.W.2d
886, 894 (Tex. App.—El Paso 1995, pet. ref’d) (citing Tribble v. State, 792 S.W.2d
280, 284 (Tex. App.—Houston [1st Dist.] 1990, no pet.)). 
          The affidavit reveals the following concerning the credibility and reliability of
the informant Orzo, along with the following corroborating circumstances. Orzo, a
private citizen, approached Officer McNaul, reported that appellant attempted to
assault him, and later reported that appellant had a methamphetamine lab in his home. 
Appellant was present at the location identified by Orzo as appellant’s residence. 
Orzo described a blue Ford F150 as the truck that appellant had used to attempt to run
over him and the truck located at appellant’s residence matched his description. Orzo
had been inside appellant’s residence and was also in a position to know what was
inside the residence and truck. Further, Orzo’s statements were not the sole basis for
the magistrate to conclude there was probable cause to issue the search warrant. The
canine Gordy positively alerted for the presence of narcotics both at the driver’s side
door of the truck and at the front and back doors of appellant’s home. See Wilson v.
State, 98 S.W.3d 265, 272 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (holding
alert by dog at hotel room door provided sufficient probable cause to support issuance
of search warrant). Appellant orally consented to a search of the truck, and inside,
officers found glassware and chemicals, which Officer McNaul stated, based on his
training and experience, are used in the manufacture of methamphetamine. The truck
also contained residue of methamphetamine.
          Reviewing the affidavit in light of the totality of the circumstances, we
conclude that information contained in the affidavit provided the magistrate with a
substantial basis for concluding that there was a fair probability that a search of
appellant’s residence would reveal the presence of contraband and that probable
cause thus existed to support the issuance of the warrant. Gates, 462 U.S. at 238, 103
S. Ct. at 2332; Blake, 125 S.W.3d at 723. We hold that the affidavit alleges sufficient
probable cause and that the trial court did not err by denying appellant’s motion to
suppress evidence.
          We overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court.
                                                                                                                           
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(a).