Carlos McNICKLES, Appellant

v.

The STATE of Texas, Appellee.

No. 14–06–00571–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 12, 2007.

Lana Gordon, Houston, for appellant.

Kevin P. Keating, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices HUDSON and GUZMAN.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Carlos McNickles, appeals his conviction on his guilty plea for possession of a controlled substance with intent to deliver, enhanced as a second offender with a prior conviction for burglary of a habitation, and his twenty-year sentence in the Texas Department of Criminal Justice, Institutional Division. On appeal, McNickles asserts the trial court erred in denying his motion to suppress, he received ineffective assistance of counsel, and the trial court erred in denying his motion for new trial. We affirm.

## BACKGROUND

Officer Marshum Sinegal works in an undercover capacity in the Narcotics Division of the Houston Police Department. A confidential informant, with whom Sinegal had previously worked, set up a meeting at 11:30 p.m., on October 25, 2005, for Sinegal to purchase 50 ecstasy pills from appellant. Sinegal was to meet appellant at a Chevron gas station at Cullen and Loop 610. The informant told appellant Sinegal was his cousin. The informant described appellant as a skinny black male with braids, driving an older model green Grand Am. When Sinegal arrived at the Chevron station, he observed appellant parked in a green Grand Am.

At least two officers have to be present to conduct surveillance. Sinegal could not conduct the purchase because there were not enough officers to conduct the surveillance. However, because the purchase was already set, Sinegal was not going to allow appellant to drive away with 50 ecstasy pills; therefore, he requested other patrol units that were parked down the block, out of sight, to detain appellant for possession of narcotics.

Two patrol units, driven by Officers Sweatt and Casco, pulled into the Chevron station and parked directly in front of, and at an angle to, appellant's vehicle. As Sweatt pulled in the parking lot, he observed the top of appellant's head as he was bending down. It appeared to Sweatt that appellant was reaching under the seat or the floorboard. Because he was not sure if appellant was reaching for a weapon, Sweatt exited the patrol car, stood behind the car door, and drew his service weapon. Sweatt pointed the weapon at appellant. Appellant complied with Sweatt's order to raise his hands. Casco opened the door and pulled appellant out. Appellant was still standing close to vehicle and was not wearing handcuffs. From the passenger door, Sweatt grabbed the knife appellant had been sitting on and reached under the seat to make sure there was no weapon, but found a plastic bag full of pink pills.

## MOTION TO SUPPRESS

In his first point of error, appellant asserts the trial court erred in denying his motion to suppress because the police officers exceeded their right to detain, search, and arrest him. We review the trial court's ruling on a motion to suppress for an abuse of discretion. *Dyar v. State*, 125 S.W.3d 460, 462 (Tex.Crim. App.2003). At the hearing on the motion to suppress, the trial court is the sole

judge of the weight and credibility of the evidence. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex.Crim.App.2007). When there are no explicit findings of historical fact, we review the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported in the record. *Swain v. State*, 181 S.W.3d 359, 365 (Tex.Crim.App. 2005), *cert. denied,* —— U.S. ——, 127 S.Ct. 145, 166 L.Ed.2d 106 (2006); *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim. App.2005).

█ Thus, in reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000), *modified on other grounds by State v. Cullen,* 195 S.W.3d 696 (Tex.Crim.App. 2006). We afford the same amount of deference to the trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating credibility and demeanor. *Id.*

█ The Fourth Amendment forbids unreasonable searches and seizures by government officials. *Wiede*, 214 S.W.3d at 24. It is the State's burden to establish the existence of probable cause to justify a warrantless arrest or search. *Amores v. State*, 816 S.W.2d 407, 413 (Tex.Crim.App. 1991). An officer may conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the vehicle contains evidence of a crime. *Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App. 1994). " 'Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found.' " *Parker v. State*, 206 S.W.3d 593, 597 (Tex.Crim.App.2006) (quoting *Estrada,* 154 S.W.3d at 609). Known facts and circumstances include those personally known to the officer or those derived from a "reasonably trustworthy" source. *Wiede,* 214 S.W.3d at 24.

█ The "totality of the circumstances" approach applies to appellate review of probable cause for warrantless searches. *Torres v. State*, 182 S.W.3d 899, 902 (Tex.Crim.App.2005). Under the totality of the circumstances approach, an informant's veracity, reliability, and basis of knowledge are all highly relevant in determining the value of a tip. *Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). These elements are closely intertwined issues that may usefully illuminate the commonsense, practical question of whether there is probable cause to believe that contraband or evidence is located in a particular place. *Id.* Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity. *Eisenhauer v. State*, 678 S.W.2d 947, 954 (Tex.Crim.App.1984), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991) (quoting *Gates,* 462 U.S. at 243 n. 13, 103 S.Ct. 2317).

█ Appellant contends the police did not have articulable evidence of probable cause to believe the vehicle he was in contained evidence of a crime other than uncorroborated information from a confidential informant not proved to be reliable and credible. While the information from an unnamed informant alone does not establish probable cause, the informant's tip along with independent police investigation may provide a substantial basis for finding probable cause. *Whaley v. State*, 686 S.W.2d 950, 950–51 (Tex.Crim.App.1985).

Sinegal testified he had worked with this confidential informant on at least five

previous occasions and the information he had received from the informant had been reliable and correct. The informant had contacted Sinegal on October 24, about a possible meeting for October 25. The informant contacted Sinegal again on October 25, with information about the meeting that night. Sinegal's observations were consistent the information he had received from the informant, i.e., appellant, fitting the physical description given by the informant, was parked in a green Grand Am at the Chevron station, where the transaction was to take place, at the appointed time.

Appellant further complains that although Sinegal testified that he had received some unspecified information on five previous occasions, and that the CI had given correct information of some sort of unknown number of those five times, there is no evidence if those previous occasions resulted in any arrests or convictions. To the contrary, there is no authority to suggest previous information provided by an informant must have resulted in an arrest or a conviction. *Ashorn v. State,* 802 S.W.2d 888, 890 (Tex. App.-Fort Worth 1991, no pet.); *Gonzales v. State,* 704 S.W.2d 508, 510 (Tex.App.-Houston [1st Dist.] 1986, no pet.). Moreover, it may be inferred that the police would not repeatedly act on information provided by an informant who has not proven by experience to be reliable. *Dixon v. State,* 206 S.W.3d 613, 617 (Tex. Crim.App.2006).

Appellant next complains there is nothing to indicate the informant had seen appellant in possession of the ecstasy pills before contacting Sinegal. However, there is no "requirement that an informant or an affiant *must* have seen the items in the context of this case sought under a search warrant before ·the warrant can issue." *Elliott v. State,* 687 S.W.2d 359, 362 (Tex. Crim.App.1985) (emphasis in original).

Appellant also points out, before contacting the patrol units, Sinegal did not observe appellant engaged in anything of an illegal nature. Sweatt did not observe appellant doing anything illegal and he had no information from the owner of the premises that appellant had been engaged in any illegal activity. However, Sinegal was there to purchase 50 ecstasy pills. Moreover, it is not necessary that the officer corroborate the fact that a suspect actually possesses the contraband in his car before detaining him because "[c]orroborating the existence of the [contraband] before police search for that [contraband] is neither necessary nor, in many cases, possible." *Dixon,* 206 S.W.3d at 618.

Appellant argues Sweatt's observance of a furtive gesture alone does not establish probable cause for a search in light of no evidence to corroborate the informant's information. *Howard v. State,* 599 S.W.2d 597, 604–05 (Tex.Crim.App.1979). However, appellant's detention by Sweatt and Casco was based on Sinegal's corroboration of the informant's information. *See Farmah v. State,* 883 S.W.2d 674, 678 (Tex.Crim.App.1994) (stating when one officer relies solely on another officer's request to arrest a suspect, probable cause must be based on the requesting officer's knowledge and if the requesting officer has sufficient information to establish probable cause, the arrest will be justified).

We find Sinegal had probable cause to believe appellant would be in possession of ecstasy pills to support the warrantless search of appellant's car. Sinegal was able to independently corroborate appellant's physical description, the description of the car, and the location and time of the meeting. Sinegal's informant, who had proven to be reliable, had arranged a meeting for Sinegal to purchase 50 ecstasy pills. The trial court did not abuse its discretion in

denying appellant's motion to suppress. Appellant's first point of error is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

 In his second point of error, appellant contends his attorney rendered ineffective assistance of counsel by failing to (1) file a motion for discovery, (2) request the disclosure of the identity of the informant, and (3) request a continuance. Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 2005). The right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The United States Supreme Court has established a two-prong test to determine whether counsel is ineffective. *Id.* Appellant must first demonstrate his counsel's performance was deficient and not reasonably effective. *Id.* at 688–92, 104 S.Ct. 2052. Thereafter, appellant must demonstrate the deficient performance prejudiced his defense. *Id.* at 693, 104 S.Ct. 2052. Essentially, appellant must show that his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.; Valencia v. State,* 946 S.W.2d 81, 83 (Tex.Crim.App.1997).

Judicial scrutiny of counsel's performance must be highly deferential and we are to indulge the strong presumption that counsel was effective. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). We assume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy.

*Id.* Moreover, it is appellant's burden to rebut this presumption, by a preponderance of the evidence, via evidence illustrating why trial counsel did what he did. *Id.* Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App. 1996), *overruled on other grounds by Mosley v. State,* 983 S.W.2d 249, 263 (Tex. Crim.App.1998).

If appellant proves his counsel's representation fell below an objective standard of reasonableness, he must still affirmatively prove prejudice as a result of those acts or omissions. *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052; *McFarland,* 928 S.W.2d at 500. Counsel's errors, even if professionally unreasonable, do not warrant setting the conviction aside if the errors had no effect on the judgment. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. Appellant must prove that counsel's errors, judged by the totality of the representation, denied him a fair trial. *See McFarland,* 928 S.W.2d at 500. If appellant fails to make the required showing of either deficient performance or prejudice, his claim fails. *See id.*

At the hearing on appellant's motion for new trial, Alvin Nunnery testified he was appointed to represent appellant. Because Nunnery's mother was seriously ill, on January 6, 2006,[1] he had another attorney, Loretta Muldrow, sign the reset form. The reset form contains the handwritten notations: "ADA will pull supplement[.] Def atty asked for P.C. or C.I." He does not know if Muldrow made those notations.

On June 22, 2006, the trial court held a hearing on appellant's motion to suppress. Until about 15 minutes prior to the start of the hearing, Nunnery did not know a confidential informant was involved, but, in-

---

1. Nunnery's mother passed away the next day—January 7.

stead, thought the case involved an anonymous tip. When Nunnery found out there was an informant, he did not request a continuance of the suppression hearing or seek to discover the identity of the informant.

Nunnery testified, in hindsight, he does not wish he would have filed a motion to disclose the identity of the informant, explaining, "I think the case law is clear that for a motion for disclosure of [an] informant, among other things, you have to make a threshold showing that that informant has valid evidence or significant evidence that touches the issue of guilt or innocence of your client." Nunnery further explained, in this possession case, where the questions on guilt/innocence were custody, care, and knowledge, the identity of the informant would not help link the narcotics to appellant or link the identity of appellant as the person who possessed the narcotics.

The State has a privilege to refuse to disclose the identity of a person who has furnished information assisting in an investigation of a possible violation of the law to law enforcement. Tex.R. Evid. 508(a). As explained by Nunnery at the hearing on the motion for new trial, under one of the exceptions to the State's privilege, the appellant must show the informer "may be able to give testimony necessary to a fair determination . . . on guilt or innocence in a criminal case, . . ." *Id.* 508(c)(2). At the hearing, appellant's counsel argued the issue at the suppression hearing was not guilt or innocence, but the legality of the search. Under another exception to the State's privilege, if information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, the court may require the disclosure of the informer's identity. *Id.* 508(c)(3).

Rule 508(c)(3) is discretionary. *Blake v. State,* 125 S.W.3d 717, 728 (Tex.App.-Houston [1st Dist.] 2003, no pet.). The trial court may require the disclosure of the informer's identity only if it is not satisfied the information was received from an informer reasonably believed to be reliable or credible. *Id.* Appellant has not shown anything in the record suggesting the trial court did not believe the informant to be reliable or credible. Without deciding whether Nunnery's performance was deficient, we conclude appellant has not shown prejudice. Appellant's second point of error is overruled.

### MOTION FOR NEW TRIAL

 In his third point of error, appellant argues the trial court erred in overruling his motion for new trial because the undercover officer's intentional misrepresentation in the police report constitutes police misconduct. Appellant did not raise this issue in his amended motion for new trial and, therefore, it is waived on appeal.[2] Tex.R.App. 33.1. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

---

2. In his amended motion for new trial, appellant argued Nunnery was ineffective for failing to file either a motion for discovery or a motion to disclose the identity of the informant. Appellant did not raise this as a ground for new trial among the several grounds argued at the hearing on the motion.

In any event, even if this ground had been raised at the hearing, it would have been waived on appeal because the motion must include all grounds asserted for granting a new trial. *Lee v. State,* 186 S.W.3d 649, 658 (Tex.App.-Dallas 2006, pet. ref'd).