**Affirmed and Memorandum Opinion filed February 7, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00056-CR

---

**JERMEL IRVING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1524041**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jermel Irving appeals his conviction for aggravated robbery with a deadly weapon. In a single issue, he argues that his counsel failed to provide effective assistance due to an undisclosed conflict of interest existing when appellant entered his plea of guilty. Because we conclude that appellant failed to meet his burden in establishing ineffective assistance of counsel, we affirm the trial court's judgment.

## Background

On November 15, 2016, a Harris County grand jury indicted appellant for the felony offense of aggravated robbery with a deadly weapon. Appellant retained Lionel Castro to represent him. On June 26, 2017, appellant pleaded guilty to the charge. On July 6, Castro interviewed to become a Harris County magistrate. On July 7, Castro accepted a job offer for the magistrate position. On September 15, Castro withdrew as appellant's counsel. Appellant hired new counsel, Carl Moore, who appeared on November 16. On December 14, the trial court held a punishment hearing and assessed punishment of twenty years in prison.

Appellant filed a timely motion for new trial, arguing that Castro's acceptance of the magistrate job on July 7 created a conflict of interest. Appellant argued that Moore had "very little time to prepare" for the punishment hearing because Castro did not timely notify appellant of the conflict. According to appellant, Castro rendered ineffective assistance by creating a conflict of interest that "affected Carl Moore's ability to be an effective advocate."[1] Appellant later filed an untimely amended motion for new trial, arguing for the first time that Castro's application for, not merely his acceptance of, the magistrate job created a conflict of interest. Castro applied for the magistrate position before appellant pled guilty. After a hearing, the trial court denied appellant's motion for new trial, and appellant now appeals.

---

[1] Appellant also argued in the trial court that the judge erred in failing to consider appellant's eligibility for probation, but he does not re-urge that argument on appeal.

**Analysis**

Appellant argues that the trial court abused its discretion in denying his motion for new trial because appellant entered his guilty plea involuntarily due to his counsel's ineffective assistance.

## A. Applicable Law and Standard of Review

A defendant has a constitutional right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984); *McNickles v. State*, 230 S.W.3d 816, 821 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 10. Ineffective assistance of counsel may result when an attorney labors under a conflict of interest. *See Acosta v. State*, 233 S.W.3d 349, 352-53 (Tex. Crim. App. 2007). In such a situation, counsel may breach the duty of loyalty, perhaps the most basic of counsel's duties. *Strickland*, 466 U.S. at 692.

Different standards apply to conflict of interest claims depending on whether the defendant or his attorney objected at trial. *See Petetan v. State*, ---S.W.3d---, 2017 WL 915530, at *42 (Tex. Crim. App. Mar. 8, 2017, reh'g granted); *Routier v. State*, 112 S.W.3d 554, 581 (Tex. Crim. App. 2003). When a defendant timely brings a potential conflict to the trial court's attention during trial, the trial court has an obligation to investigate and determine whether the risk of the conflict of interest is too remote to warrant separate counsel. *Petetan*, 2017 WL 915530, at *42; *Routier*, 112 S.W.3d at 581 (citing *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978)). When, on the other hand, the conflict is not timely brought to the trial court's attention, but is raised after trial or on appeal, the defendant "must show that his trial counsel had an actual conflict of interest, and that the conflict actually colored counsel's actions during trial." *Acosta*, 233 S.W.3d at 356; *see also Routier*, 112 S.W.3d at 584; *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). An "actual conflict

of interest" exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interest. *See James v. State*, 763 S.W.2d 776, 779 (Tex. Crim. App. 1989). The parties agree that *Cuyler*'s "actual conflict" standard applies.

When, as here, an appellant first asserts ineffective assistance of counsel based on counsel's alleged conflict of interest in a motion for new trial, "that court will decide, in the first instance, whether the appellant has carried his burden with respect to the elements of his claim of conflict-of-interest ineffective assistance." *Odelugo v. State*, 443 S.W.3d 131, 137 (Tex. Crim. App. 2014). In doing so, the trial court conducts its evaluation under the familiar standards applicable when the court acts as the factfinder, including the right to weigh credibility and accept or reject part or all of any witness's testimony. *Id.* (explaining standards). We then review the trial court's rulings for an abuse of discretion, "reversing only if the trial judge's ruling was clearly erroneous and arbitrary[,]" such as when "no reasonable view of the record could support the trial court's ruling." *Id.*; *see also Quintero v. State*, 467 S.W.3d 671, 676-77 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (reviewing motion for new trial raising claim of ineffective assistance based on a conflict of interest for abuse of discretion and applying *Cuyler*); *Washington v. State*, 417 S.W.3d 713, 724-25 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling, and we reverse only if no reasonable view of the record could support the trial court's finding. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013); *Parker v. State*, 462 S.W.3d 559, 562 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We review de novo the trial court's decision on whether the appellant suffered prejudice, while giving deference to the trial court's implied resolution of any underlying factual determinations. *Washington*, 417 S.W.3d at 725.

## B.    Application

In his brief, appellant argues that "[t]he conflict of interest began when [counsel] applied for a position that would require withdrawal from any representation of clients, if hired, including [appellant]."[2]  According to appellant, his counsel "chose to remain silent prior to the plea, rendering it involuntary."

Appellant did not raise this argument in his motion for new trial, which was timely, but rather asserted it for the first time in his amended motion for new trial, which was untimely.  Ordinarily, we do not consider arguments raised for the first time in an untimely motion or amended motion for new trial because they are not preserved.  *See State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007).  Here, however, the State did not object to the issue on untimeliness grounds in the trial court, so the trial court was entitled to consider appellant's argument that counsel rendered ineffective assistance due to an actual conflict of interest created when counsel applied for a magistrate position prior to entry of appellant's guilty plea, *see State v. Arizmendi*, 519 S.W.3d 143, 150 (Tex. Crim. App. 2017), which is the argument appellant advances on appeal.[3]

The trial court conducted an evidentiary hearing on appellant's motion for new trial.  Castro testified that:

---

[2] According to a notice of appearance filed in the trial court, Castro began representing appellant before his indictment in November 2016.  Castro testified at the hearing on appellant's motion for new trial that he was "not entirely certain" but he thought his "application [for the magistrate position] preceded [appellant's] plea date."

[3] A motion for new trial must be filed within thirty days after sentence is imposed or suspended in open court.  *See Arizmendi*, 519 S.W.3d at 150; Tex. R. App. P. 21.4(a).  The motion can be amended at any time during that thirty-day period, but the trial court is barred from considering a ground for new trial raised outside the thirty-day period *if the State properly objects*.  *Arizmendi*, 519 S.W.3d at 150.  Because the State did not object to the timeliness of appellant's amended motion, the trial court was not precluded from considering grounds raised in the amended motion.

5

- he believed his application for the magistrate position preceded appellant's guilty plea;

- his first interview for the magistrate position was July 6, 2017, roughly thirteen days after appellant's guilty plea;

- he accepted an offer for the position on July 7, 2017;

- he filed a motion to withdraw as appellant's counsel on September 15, 2017;

- he did not recall informing appellant of Castro's application to become a magistrate prior to appellant's plea;

- appellant pleaded guilty "on our mutual consultation";

- he did not think his application "had an impact on [appellant's] representation one way or the other";

- he "disagree[d] that there was a conflict of interest" before he withdrew as appellant's counsel;

- he thought it was "fair to say that [his] application did not impact the representation of [appellant] because [Castro] had no idea whether the application would be granted"; and

- he did not believe that his representation "degraded or fell below a certain standard because [he was] hired" as a magistrate.

Carl Moore also testified. According to Moore, he was hired "because the original trial attorney was forced to withdraw as a result of a conflict of interest." Moore began representing appellant in mid-November 2017, around the time when appellant's sentencing hearing was scheduled. The trial court reset the hearing until the end of November, but Moore filed a motion for continuance asking for more time, because he "had not had enough time to meet, interview, and secure character witnesses for [appellant]." The court eventually held the hearing in mid-December 2017. Moore was "not aware of what investigation [appellant's] previous lawyer did or did not do." Moore acknowledged that "[a]t no point did [he] approach the Court and . . . attempt to withdraw the plea of guilty."

6

At the conclusion of the hearing, the trial court denied appellant's motion for new trial. The trial court, in its discretion, could have believed Castro's testimony that Castro's application to become a magistrate did not impact his representation of appellant prior to or at the time of appellant's guilty plea. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the court could reasonably have found that no actual conflict existed prior to appellant's guilty plea. *See Odelugo*, 443 S.W.3d at 137; *Okonkwo*, 398 S.W.3d at 694.

Appellant's argument on appeal does not convince us otherwise. Appellant asserts that Castro's application to become a magistrate "created the possibility he would have to withdraw from all cases." But the mere "possibility of conflict is insufficient to impugn a criminal conviction." *Cuyler*, 446 U.S. at 350. Appellant has not shown that, at the time he pleaded guilty on June 26, 2017, Castro was "actively represent[ing] conflicting interests," *id.*, or was otherwise required to choose between advancing his client's interest in a fair trial or advancing Castro's own interest to the detriment of his client's interest, *see James*, 763 S.W.2d at 779. While Castro may have desired and sought an offer of employment from the State, at the time of appellant's plea no offer had been extended to Castro and thus no risk existed that Castro would choose to represent the State's interest to the detriment of appellant's interest. Based on the record before us, we conclude that no conflict of interest existed at the time of appellant's plea and, therefore, appellant has not shown that his plea was entered involuntarily. *See, e.g.*, *De Leon v. State*, Nos. 13-07-00187-CR, 13-07-00189-CR, 2008 WL 5575064, at *5 (Tex. App.—Corpus Christi May 15, 2008, no pet.) (mem. op., not designated for publication) (rejecting appellant's argument that attorney's dual representation of appellant and appellant's brother constituted conflict of interest when record showed that attorney began representing brother after appellant's guilty plea).

We overrule appellant's first and only issue.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.


/s/    Kevin Jewell
           Justice


Panel consists of Justices Wise, Jewell, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).