# NO. 12-13-00157-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN RAY RUST,* *APPELLANT* | *§* | *APPEAL FROM THE 173RD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

Kevin Ray Rust appeals his conviction for manufacture or delivery of between four and two hundred grams of methamphetamine, for which he was sentenced to imprisonment for twenty years. Appellant raises three issues on appeal. We affirm.

## BACKGROUND

Appellant was charged by indictment with one count of possession of between four and two hundred grams of methamphetamine with intent to deliver and one count of possession of between four and two hundred grams of methamphetamine. Appellant pleaded "not guilty" to each allegation, and the matter proceeded to a jury trial. The evidence presented at trial indicates that, on November 21, 2011, law enforcement officers executed a search warrant at Appellant's residence and pursuant thereto, recovered methamphetamine, marijuana, drug paraphernalia, a notebook containing a log of transactions, and a quantity of cash.

The jury found Appellant "guilty" of possession of methamphetamine with intent to deliver as alleged in the first count of the indictment.[1] Following a trial on punishment, the trial court sentenced Appellant to imprisonment for twenty years. This appeal followed.

---

[1] Pursuant to the trial court's instructions, as a result of its finding, the jury did not answer the charge question pertaining to the lesser included offense of possession of methamphetamine. *See Garcia v. State*, 218 S.W.3d 756, 760 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (possession of controlled substance is lesser included offense of possession of controlled substance with intent to deliver).

In his first and second issues, Appellant argues that the trial court erred by denying his request for an in camera hearing to determine (1) the veracity of the information that the confidential informant provided to the State and (2) the likelihood that the confidential informant could provide evidence necessary for a fair determination of guilt.

**Standard of Review**

We review a trial court's ruling on a defendant's motion to disclose the identity of a confidential informant for abuse of discretion. *See Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.–Houston [14th Dist.] 2013, pet. ref'd) (citing *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd)). Under this standard, a trial court's decision will not be disturbed on appeal unless it falls outside the "zone of reasonable disagreement." *Haggerty*, 429 S.W.3d at 8. We do not substitute our judgment for that of the trial court, but instead, determine whether the trial court's decision was arbitrary or unreasonable. *Portillo v. State*, 117 S.W.3d 924, 928 (Tex. App.–Houston [14th Dist.] 2003, no pet.).

**Applicable Law**

The state has the "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer . . . conducting an investigation." TEX. R. EVID. 508(a). There are three exceptions to this privilege, two of which Appellant claims are applicable here. *See* TEX. R. EVID. 508(c).

The "Legality of Obtaining Evidence" exception requires disclosure of an informant's identity if the trial court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible. *See* TEX. R. EVID. 508(c)(3). Upon the state's request, the trial court shall direct that the disclosure be made in camera. *Id*. This exception focuses on the trial court, and thus, the test is whether the trial court is satisfied that the informant was reasonably believed to be reliable or credible. *Blake v. State*, 125 S.W.3d 717, 728 (Tex. App.–Houston [1st Dist.] 2003, no pet.). In our review, we examine the record for evidence that the investigating officer did not believe the informant was reliable or credible. *See id*.

The "Testimony on Merits" exception requires disclosure of an informant's identity if it appears from the evidence in the case or from other showing by a party that the informant may be

able to give testimony necessary to a fair determination of a material issue on guilt or innocence in a criminal case. *See* TEX. R. EVID. 508(c)(2). The burden is on the defendant to show that the informant's testimony may be necessary to a fair determination of guilt or innocence; mere conjecture or supposition about possible relevancy is insufficient. *See* ***Bodin v. State***, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). The informant's testimony must "significantly aid the defendant." ***Id.*** However, the courts have recognized that because the defendant actually may not know the nature of the informant's testimony, he is required to make only a "plausible showing of how the [informant's] information may be important." ***Id.***

The defendant has the initial burden of demonstrating that the informant's identity must be disclosed. ***Blake***, 125 S.W.3d at 728. If the defendant meets his burden, the trial court must hold an in camera hearing to provide the state an opportunity to present facts that rebut the defendant's preliminary showing. *See* ***Bodin***, 807 S.W.2d at 319.

Moreover, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or if the trial court refused to rule, the complaining party must have objected to the refusal. *See* TEX. R. APP. P. 33.1(a)(2). As the court of criminal appeals has explained,

> [t]he purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; [and] (2) to give opposing counsel the opportunity to respond to the complaint . . . . [A] party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

***Resendez v. State***, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009) (quoting ***Lankston v. State***, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). When a party fails to effectively communicate his argument, any error will be deemed forfeited on appeal. *See* ***Resendez***, 306 S.W.3d at 313. An appellant's issues on appeal must comport with his objections and arguments at trial, and an objection stating one legal theory may not be used to support a different legal theory on appeal. *See* ***Broxton v. State***, 909 S.W.2d 912, 918 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1.

**Pretrial Hearing**

In the instant case, Appellant did not file a written motion to disclose the identity of a confidential informant. Instead, Appellant filed a motion to suppress evidence. At the hearing on Appellant's motion to suppress, Appellant reiterated that he was attacking the search warrant.

The State called Wick Gabbard, a narcotics investigator with the Henderson County sheriff's office, to testify at the hearing. Gabbard testified that he received information from a confidential informant that someone named Kevin was selling drugs in Gun Barrel City. Gabbard further testified that he had worked with the confidential informant in the past and had found him to be credible and reliable. Gabbard stated that he prepared an affidavit for a search warrant in which he testified that the confidential informant was credible and reliable and had provided true and correct information regarding narcotic trafficking in Henderson County in the past. He further stated that he presented the affidavit to a judge in Henderson County and that the judge authorized a search of Appellant's residence. Gabbard testified that he and other law enforcement officers executed the search warrant and found methamphetamine in the closet of Appellant's bedroom.

At the outset of his cross examination of Gabbard, Appellant's attorney referenced an affidavit signed by Appellant in which he claimed (1) he knew the identity of the confidential informant and (2) the information provided to Gabbard by the confidential informant was false. After an off-the-record discussion, Appellant asked the trial court "to consider having an in camera questioning of [Gabbard] to determine, within the questions that [Appellant's counsel] laid out, whether [the trial court is] satisfied there is any basis for the affidavit and the allegations [Appellant made]." The trial court ruled that Appellant's affidavit does not persuade it that the information provided by the confidential informant was false and that Gabbard knew or should have known the information was false.

Appellant's counsel continued his cross examination of Gabbard. According to Gabbard, the confidential informant told him that Appellant had drugs in his residence. Gabbard further testified that the confidential informant had provided information to Gabbard in the past and that this information always had proven to be correct. Gabbard stated that before completing his affidavit for the search warrant, he determined that Appellant was a resident of the identified premises.

4

Appellant's affidavit was introduced into evidence for purposes of the hearing. Appellant then argued to the trial court that he knew the identity of the confidential informant and that the information provided by the confidential informant to Gabbard was not true. Appellant further argued that Gabbard should have known that the information provided by the confidential informant was not true. At the conclusion of the hearing, the trial court denied Appellant's motion to suppress and declined to conduct the in camera hearing concerning the confidential informant's identity.

## "Legality of Obtaining Evidence" Exception

Appellant first argues that the trial court should have held an in camera hearing to determine the identity of the confidential informant based on the "Legality of Obtaining Evidence" exception to the confidential informant privilege. Specifically, Appellant contends that his affidavit introduced into evidence at the hearing on his motion to suppress demonstrated to the court that he knew the identity of the confidential informant and believed that the information provided to the State by the confidential informant was false. Thus, Appellant continues, an in camera hearing should have been held so the trial court could determine whether the search warrant affidavit was made either (1) with knowledge that it contained false information or (2) with reckless disregard for the truth.

The "Legality of Obtaining Evidence" exception applies only when the trial court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible. *See* TEX. R. EVID. 508(c)(3). Other than Appellant's conclusory statements in his affidavit, all of the evidence presented to the trial court supported a finding that the informant was reasonably believed to be reliable or credible. Gabbard testified that had used information from this informant in the past and that the information the informant provided had proven to be true. Thus, we hold that the trial court did not abuse its discretion when it ruled that it was satisfied the information was received from an informer reasonably believed to be reliable or credible. Appellant's first issue is overruled.

## "Testimony on Merits" Exception

In his second issue, Appellant contends that disclosure of the informant's identity is required because it may have been of assistance to him in defending his case. Specifically, Appellant argues that this disclosure potentially could have established that other persons present in the residence were in possession of the drugs at issue. We disagree.

Initially, we note that Appellant failed to preserve this issue. *See* TEX. R. APP. P. 33.1.  At no time during the hearing on Appellant's motion to suppress did Appellant assert that the informant's identity was necessary under the "Testimony on Merits" exception.  Appellant's assertion to the trial court that the informant's identity was discoverable based on the "Legality of Obtaining Evidence" exception does not preserve any complaint that the evidence was discoverable based on this exception. *See **Broxton***, 909 S.W.2d at 918; *see also* TEX. R. APP. P. 33.1.

Furthermore, even had Appellant preserved this issue, the outcome would not differ.  Appellant was not charged with delivering methamphetamine to the informant, and the informant was not present when officers executed the search warrant.  Rather, the State's theory of the case was that Appellant was a drug dealer and used his residence to traffic drugs.  At trial, the State's case was supported by evidence that methamphetamine was discovered in Appellant's residence rather than any testimony attributable to the informant.  Based on our review of the record, there is no evidence that indicates how disclosure of the informant's identity would have enhanced Appellant's ability to evaluate the State's theory of its case.  Thus, we conclude that the trial court's denial of Appellant's request to disclose the identity of the confidential informant was not outside the zone of reasonable disagreement and did not amount to an abuse of discretion. *See **Ford***, 179 S.W.3d at 210 (identity need not be disclosed when informant was neither a participant in the offense for which the defendant is charged nor present when the search warrant was executed).  Appellant's second issue is overruled.

## EVIDENCE OF CRIMINAL HISTORY

In his third issue, Appellant contends that the trial court erred when it allowed the State to introduce evidence of Appellant's criminal history during the guilt/innocence phase of the trial.  The State contends that the evidence was admissible because Appellant's counsel's opening statement to the jury "opened the door" to Appellant's criminal history.

**Standard of Review**

A trial court has considerable discretion in determining whether to exclude or admit evidence. *See **Montgomery v. State***, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); ***State v. Dudley***, 223 S.W.3d 717, 724 (Tex. App.–Tyler 2007, no pet.).  Absent an abuse of discretion, we will not disturb a trial court's decision to admit or exclude evidence. *See **Martin v. State***, 173

6

S.W.3d 463, 467 (Tex. Crim. App. 2005). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *See* **Weatherred v. State**, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *see also* **Martin**, 176 S.W.3d at 467 (holding judgment must be upheld if ruling was correct on any theory of law applicable to case in light of what was before trial court at time ruling was made).

## Applicable Law

Generally, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *See* TEX. R. EVID. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* **id**. The listed exceptions to Rule 404(b) are not exclusive or exhaustive. **Montgomery**, 810 S.W.2d at 377. When a defendant objects to the admission of extraneous offense evidence, the state must persuade the trial court that the evidence is being offered for a purpose other than character conformity, and that this other purpose tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. **Rankin v. State**, 974 S.W.2d 707, 719 (Tex. Crim. App. 1998) (op. on reh'g); **Crutchfield v. State**, No. 12-09-00348-CR, 2011 WL 2638402, at *4 (Tex. App.–Tyler June 30, 2011, pet. ref'd) (mem. op., not designated for publication) (proponent must show extraneous offense has relevance apart from showing character).

Otherwise inadmissible evidence may be admitted if the party against whom the evidence is offered "opens the door." **Wells v. State**, 319 S.W.3d 82, 94 (Tex. App.–San Antonio 2010, pet. ref'd); *see* **Prescott v. State**, 744 S.W.2d 128, 131 (Tex. Crim. App. 1988) (party "opens the door" when he leaves false impression as to extent of his prior arrests, convictions, charges, or trouble with police); *see also* **De La Paz v. State**, 279 S.W.3d 336, 345 (Tex. Crim. App. 2009) (defendant's attorney's opening statement may open the door to admission of defendant's criminal history). Under this doctrine, a party cannot intentionally broach a subject and then complain when the subject is subsequently pursued by the opposing party. *See* **Mares v. State**, 52 S.W.3d 886, 890 (Tex. App.–San Antonio 2001, pet. ref'd). But the party offering the evidence may not stray beyond the scope of the invitation. *See* **Wells**, 319 S.W.3d at 94.

## Harm Analysis

Even assuming arguendo that Appellant's attorney did not "open the door" to the totality of Appellant's criminal history, the trial court's error, if any, is not reversible unless Appellant was harmed by the admission of this evidence.

A violation of the evidentiary rules that results in the erroneous admission of evidence is nonconstitutional error. *See **Kirby v. State***, 208 S.W.3d 568, 574 (Tex. App.–Austin 2006, no pet.); *see also **Johnson v. State***, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). We review nonconstitutional error to determine whether it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); ***Johnson v. State***, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). An error affects a substantial right "when the error had a substantial and injurious effect or influence in determining the jury's verdict." ***King v. State***, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

It is well established that the improper admission of evidence is not harmful error if the same facts are proved by other properly admitted evidence. *See **McNac v. State***, 215 S.W.3d 420, 425 (Tex. Crim. App. 2007); ***Brooks v. State***, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); ***Anderson v. State***, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986). Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *See **Leday v. State***, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998) (concluding that party who objects to some evidence but fails to object to other substantially similar evidence waives any error in admission of objected-to evidence). In this situation, the error, if any, is harmless because Appellant did not object when the evidence was offered in another form. *See **Saldano v. State***, 232 S.W.3d 77, 102 (Tex. Crim. App. 2007) ***Leday***, 983 S.W.2d at 717.

## Discussion

In his opening statement to the jury, Appellant's counsel stated as follows:

> [T]he police never saw any criminal activity outside the house, there was never any surveillance, never any come-and-go, never any neighbors complaining. You are going to hear nothing about any purported drug activity by [Appellant] coming out of that house. You are going to hear that [Appellant] has no criminal record for drugs. You will hear that Toni Sherrin, who was not arrested, has a drug history, has been processed for drugs, and is currently in the jail over here on a drug charge.

The State contended that this argument made by Appellant's counsel opened the door to its being permitted to proffer evidence of Appellant's criminal history. After considering the issue, the trial

8

court agreed that Appellant's counsel's reference to Appellant's lack of a criminal record for drug related offenses opened the door for the State to discuss Appellant's history of convictions for crimes not related to drugs. Appellant objected "to any testimony regarding a conviction if [Appellant] doesn't testify."

Thereafter, the State elicited testimony from Kay Langford, a narcotics investigator for the Henderson County sheriff's office. Through Langford, the State offered a pen pack into evidence as Exhibit 61. That pen pack contained information pertaining to two of Appellant's previous convictions. Appellant objected that "there is no basis for introducing any prior criminal record." The trial court overruled Appellant's objection.

Next, the State asked Langford questions about the Exhibit 61. Langford testified that Appellant had two prior criminal convictions—one for burglary of a habitation and one for aggravated assault. She testified that the judgments included his name, photograph, and fingerprints. Appellant did not object to Langford's testimony.

The State then called Gabbard to the stand. Through Gabbard, the State offered into evidence as Exhibits 62 and 63 Appellant's Texas Department of Criminal Justice–Institutional Division (TDCJ-ID) offender card. Appellant objected that "as to what the exhibits are, I think it goes into information that is not admissible before the jury, and we object to the exhibit[s]." The trial court overruled Appellant's objection.

The State proceeded to question Gabbard about the exhibits. Gabbard stated that the TDCJ-ID provides an offender card to those who go to prison. He further stated that Appellant's name and picture were on the TDCJ-ID offender card that he found in the same closet where he found the contraband during the execution of the search warrant. Appellant did not object to Gabbard's testimony. On cross examination, Appellant asked Gabbard about the TDCJ-ID offender card. Gabbard conceded that he did not know when Appellant was released from the penitentiary.

Based on our review of the record, it is apparent that Appellant objected to the admission of three exhibits that contained information regarding his criminal history. However, Appellant made no objection to the testimony offered by Langford and Gabbard pertaining to the same information. We hold that because Appellant did not object when this evidence was offered in another form, error, if any, in the admission of the three objected-to exhibits is harmless. *See Saldano v. State*, 232 S.W.3d at 102. Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 6, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 6, 2014**

**NO. 12-13-00157-CR**

**KEVIN RAY RUST,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. A-19,395)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*